HARSH, Admr., et al.; Jordan, Appellant,

v.

**LORAIN COUNTY SPEEDWAY, INC. et al., Appellees.**

[Cite as *Harsh v. Lorain Cty. Speedway, Inc.* (1996), 111 Ohio App.3d 113.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67265.

Decided May 20, 1996.

*Spangenberg, Shibley, Traci & Lancione, Dennis R. Lansdowne* and *James A. Marx,* for appellant.

*Isaac, Brant, Ledman & Teetor, Donald L. Anspaugh* and *David E. Ballard,* for appellees.

O'DONNELL, Judge.

William Jordan ("appellant"), Kim and Karen Harris and the estate of James Harsh appealed from the trial court's award of summary judgment in favor of appellees, Lorain County Speedway, Inc., Fascar North, L & M Properties, United States Auto Raceways, Valley View Sports Arenas, and Kevin Ruic, in an action for personal injury and wrongful death as a result of viewing an automobile race at the Lorain County Speedway.

On June 28, 1990, James Whaley, a race car driver, lost control of his vehicle apparently because the throttle became stuck. The car left the racing surface at the southeast turn of the speedway, traveled one hundred forty feet across a grassy field and pit roadway, crashed through a guardrail, became airborne and landed on a four-to-five-foot-high manmade dirt embankment, where the car hit and injured appellant and Kim Harris, killed James Harsh, and came to rest on Harris fifty feet east of the embankment.

Lorain County Speedway is located on State Route 113 in South Amherst, Ohio, and consists of a three-tenths-mile oval track with a pit access road exiting the oval at the southeast turn and re-entering at the northeast turn.

A general admission grandstand is located on the south side of the oval and a pit area grandstand on the north. Both of these areas were protected at the time by standard highway guardrail along with mesh wheel fencing containing 3/8 inch cable at two-foot intervals, three strands for the pit grandstand area and two for the general admission grandstand area.

The track provided two pit crew areas, one at the east end of the track and one on the north side of the track adjacent to the pit grandstand. Appellees required appellant, who chose to enter the pit area, to stop at a booth at the pit entrance, pay a fee, and sign a document which purported to be a release, waiver of liability, covenant not to sue, indemnity agreement, hold-harmless agreement, and an admission of assumption of the risk. Appellees did not provide any explanation or copy of the document to appellant, who thought that its purpose was to tabulate the number of people in the pit area.

The embankment from which appellant viewed the race is located at the east end of the track approximately one hundred forty feet from the racing surface and separates the track and pit access road from the pit area at the east end of the track. All parties agree that this area was not protected at the time of the incident with any meshed wheel fencing, and that the ten-inch guardrail was not anchored in cement.

On July 14, 1992, appellant, Harris, and the estate of Harsh filed suit against appellees, alleging negligence and gross negligence in causing their injuries. On March 27, 1994, appellees moved for summary judgment, asserting that the document signed by those entering the pit area absolved them of any liability and asserted that each person who signed voluntarily assumed the risk of injury attendant with entrance to this area. Appellant filed a brief in opposition, citing an insurance carrier's recommendation that three strands of 3/8 inch steel cable fencing, spaced at intervals of two, four and six feet above the guardrail, be added to the guardrail at the track prior to the 1990 racing season and urging that a jury issue exists as to the enforceability of the document and the applicability of the assumption of the risk defense. The trial court then granted summary judgment in favor of appellees as to all claims of all parties. Pending appeal, Harris and Harsh have settled their respective claims and, therefore, Jordan is the lone appellant, who raises one assignment of error.

For his sole assignment of error appellant contends:

"The trial court erred in granting summary judgment to the defendants and in denying plaintiffs' motion to strike the defense of release."

Appellant's position is that neither the document nor the doctrine of assumption of the risk bars his negligence claim, and that appellees' failure to make recommended safety improvements amounted to gross negligence. Appellees dispute these contentions. Three issues are presented in this appeal and concern the enforceability of the document signed by the appellant, the defense of assumption of the risk, and whether appellees' conduct amounted to gross negligence. Since this matter is presented on appeal from the granting of summary judgment, we must consider, after construing all evidence most strongly in favor of appellant, whether any genuine issues of material fact exist, and whether appellees are entitled to judgment as a matter of law.

Civ.R. 56(C) sets forth the standards which must be applied in determining whether appellees are entitled to summary judgment wherein it provides:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits * * * show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion * * * is made, such party being entitled to have the evidence * * * construed most strongly in his favor. * * *"

■ In *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 90, 585 N.E.2d 384, 390, the Ohio Supreme Court states:

"It has generally been held that a participant in a stock-car race and the proprietor of such activity are free to contract in such a manner so as to relieve the proprietor of responsibility to the participant for the proprietor's negligence, but not for the proprietor's willful or wanton misconduct."

■ We, therefore, must consider whether a jury issue exists as to whether appellant Jordan, by signing the document, relieved appellees of liability for injuries sustained or, by standing on the mounded area, assumed the risks of injury.

Although appellant was free to contract to relieve appellees of liability for acts of negligence, our review of the document executed by appellant reveals that it purports to be a release, waiver of liability, admission of assumption of the risk, an indemnity and hold-harmless agreement, and a covenant not to sue. The facts as alleged by appellant indicate that he was given no time to read this multipurpose document, that it was partially obscured, that he could not understand it and did not know that by signing it he gave up his right to sue the speedway, and that the signature line referred to it only as a general "release."

Applying the standards of Civ.R. 56(C) and construing the evidence most strongly in favor of appellant, we find that a question of fact exists as to whether a meeting of the minds occurred where appellant knowingly released appellees of liability by signing the document. See Civ.R. 56(C) and *Bowen*, 63 Ohio St.3d at 89, 585 N.E.2d at 389, where the court stated:

"Applying the standards of Civ.R. 56(C), we find that the questions whether Bowen signed the Exhibit A release or was denied the opportunity to read the release are questions of fact which, for purposes of summary judgment, must be resolved in appellants' favor. * * *"

■ In addition, factual questions exist as to whether appellant could knowingly assume the risk of injury where the inadequacy of the guardrail in front of the embankment may have been known to appellees but not communicated to appellant. Further, this issue raises a question as to appellees' duty to warn appellant if appellees had superior knowledge of a dangerous condition in the pit

area. See *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810. Viewing this evidence in a light most favorable to appellant, and adhering to the Supreme Court's judgment in *Bowen, supra,* we cannot conclude that appellant, by obtaining access to the pit area and signing a multipurpose document, knowingly assumed the risk of injury at the Lorain County Speedway.

 Focusing our attention on appellant's claims of gross negligence, we note that gross negligence is evidenced by willful and wanton conduct, which the Ohio Supreme Court in *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 559 N.E.2d 705, defined by adopting the definition of "recklessness" found in the Restatement of the Law 2d, Torts (1965):

"The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." 2 Restatement of the Law 2d, Torts (1965) at 587, Section 500.

While the execution of a release may bar claims of negligence, it cannot bar claims of willful and wanton conduct. *Bowen, supra,* 63 Ohio St.3d at 90, 585 N.E.2d at 390.

 Viewing the evidence in a light most favorable to appellant, we believe reasonable minds could reach different conclusions as to whether appellees failed to install recommended safety measures as appellant alleges and, if this was an omission by appellees, whether such failure amounted to willful and wanton conduct. The record reveals that appellees built an earthen mound at the east end of the track to protect the pit area, but then allowed spectators, including appellant, to *stand on that hill to view races.* Further, appellant asserts that the guardrail in front of this hill did not meet highway standards in that it was ten inches lower than the required level, and the posts were placed at irregular intervals and anchored in dirt rather than cement. Finally, there is evidence in the record that appellee had been notified by its insurance carrier that in order to meet minimum underwriting qualifications it should install 3/8 inch cable in the spectator and pit wheel fence prior to the first event of 1990. Appellant has presented some evidence that the underwriting qualifications intended to include this area, which appellees dispute. Applying the standards of Civ.R. 56(C), we find that questions of fact exist, in light of the definition set forth in *McNeill,* with regard to whether appellees' conduct amounted to gross negligence and this precludes the award of summary judgment on the issue of gross negligence.

Since we find that genuine issues of material fact exist as to whether appellant knowingly released appellees of liability, whether appellant voluntarily assumed the risk of injury, and whether appellees' conduct amounts to gross negligence, appellant's sole assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

HARPER, P.J., and NUGENT, J., concur.

DONALD C. NUGENT, J., concurred in this journal entry and opinion prior to his resignation from this court.