[Cite as *Mohat v. Horvath*, 2013-Ohio-4290.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM MOHAT, ON HIS OWN BEHALF AND ON BEHALF OF THE ESTATE OF ERIC MOHAT, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | |
| | | **CASE NO. 2013-L-009** |
| - vs - | : | |
| | : | |
| THOMAS M. HORVATH, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES. | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12CV001481.

Judgment: Affirmed.

*Kenneth D. Myers,* 6100 Oak Tree Boulevard, #200, Cleveland, OH 44131 (For Plaintiffs-Appellees).

*David Kane Smith, Lindsay Ferg Gingo, and Krista K. Kleim,* Britton, Smith, Peters & Kalail Co., L.P.A., 3 Summit Park Drive, Suite 400, Cleveland, OH 44131 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Thomas M. Horvath, appeals the judgment of the Lake County Court of Common Pleas denying his motion to dismiss the complaint of appellees, William Mohat and Janis Mohat. The Mohats' complaint asserted claims for damages resulting from their minor son, E.M.'s, commission of suicide as a result of the failure of

Horvath, E.M.'s high school teacher, to protect E.M. from bullying and harassment in Horvath's class by other students. At issue is whether the complaint stated claims on which relief could be granted. For the reasons that follow, we affirm.

{¶2} The following statement of facts is based on the allegations in the Mohats' complaint. They alleged that E.M. was 17 years old and a student at Mentor High School in 2007, when he committed suicide. For several months before E.M.'s death, he was constantly bullied and harassed by several other students. They engaged in unrelenting name-calling, teasing, and verbal harassment. They called E.M. vile and degrading names that were sexual in nature, such as "fag," "queer," and "homo." These students also repeatedly pushed, shoved, and hit E.M.

{¶3} The Mohats alleged that Horvath knew about this bullying and harassment directed against E.M. because most of it took place in Horvath's classroom during class and also because E.M. complained to Horvath about it.

{¶4} The complaint alleged that on the day E.M. committed suicide, another student taunted E.M., telling him in front of other students and also in front of Horvath, "Why don't you go home and shoot yourself? No one would miss you."

{¶5} Further, the complaint alleged that, prior to E.M.'s suicide, Horvath knew or should have known that another student at the high school had committed suicide as a result of bullying.

{¶6} The Mohats alleged that, despite Horvath's knowledge that E.M. was being regularly bullied and harassed, Horvath did nothing to stop it. He never intervened and never reported the bullying to school officials. The Mohats alleged that

2

Horvath repeatedly failed to take any action over a period of time and that, due to his inaction, E.M. became so depressed that he committed suicide on March 27, 2007.

{¶7} The Mohats alleged that Horvath's conduct constituted negligence and/or gross negligence (Count I) and that his conduct was committed with malice, in bad faith, and was wanton and reckless (Count II). As a result, they suffered and continue to suffer extreme emotional distress and loss of the companionship of their son for which they prayed for an unspecified amount of damages.

{¶8} The Mohats filed the complaint on their own behalf and also on behalf of their son's estate. The complaint constituted a timely re-filing of a prior action they had filed in the United States District Court for the Northern District of Ohio, as *Mohat v. Mentor Exempted Village School District, et al.*, Case No. 1:09 CV 688. The district court dismissed the claims filed by the Mohats on behalf of their son's estate with prejudice as barred by the statute of limitations. The district court also dismissed the federal claims asserted by the Mohats on their own behalf. However, declining to maintain supplemental jurisdiction over the Mohats' state law claims filed on their own behalf, which were the same as the claims they asserted against Horvath in the instant action, the district court dismissed the Mohats' state law claims without prejudice.

{¶9} Returning to the procedural history of the instant case, Horvath subsequently filed a motion to dismiss pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief could be granted. He argued that the Mohats' claims filed on behalf of E.M.'s estate were time-barred and that, as to the claims filed on behalf of the Mohats, he was immune from liability under Ohio's political subdivision immunity law.

3

{¶10} The trial court granted Horvath's motion to dismiss the Mohats' claims filed on behalf of E.M.'s estate as barred by res judicata in light of the federal court's ruling that these claims were time-barred. However, as to the claims filed on the Mohats' behalf, the trial court denied Horvath's motion to dismiss, concluding the trial court could not find that the Mohats could prove no set of facts in support of their claims that would entitle them to relief.

{¶11} Horvath appeals the trial court's judgment, asserting the following for his sole assignment of error:

{¶12} "The Trial Court erred in overruling Appellant Thomas Horvath's Motion To Dismiss Appellees' Complaint to the extent it denied appellant statutory immunity from liability under Ohio Revised Code Section 2744."

{¶13} As a preliminary matter, we note that an appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 9. Generally, an order denying a motion to dismiss is not a final, appealable order. *Polikoff v. Adam*, 67 Ohio St.3d 100, 103 (1993). However, under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability * * * is a final order." This court has held that the denial of a Civ.R. 12(B)(6) motion to dismiss based on sovereign immunity is immediately appealable. *Am. Site Contrs., Inc. v. Willowick*, 11th Dist. Lake No. 2005-L-088, 2005-Ohio-4768, ¶2. Because the trial court's judgment denied Horvath's motion to dismiss, which was based on political subdivision immunity, the court's judgment was a final order and the instant appeal is properly before this court.

4

{¶14} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 547 (1992). This court has held that an appellate court reviews a ruling on a Civ.R. 12(B)(6) motion to dismiss de novo. *Goss v. Kmart Corp.*, 11th Dist. Trumbull No. 2006-T-0117, 2007-Ohio-3200, ¶17. In construing the complaint, we must presume that all factual allegations are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). When ruling on a motion to dismiss, the principles of notice pleading apply and "a plaintiff is not required to prove his or her case at the pleading stage." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991). Rather, a plaintiff is only required to allege a set of facts, which, if proven, would plausibly allow for recovery. *Howard v. Girard*, 11th Dist. Trumbull No. 2010-T-0096, 2011-Ohio-2331, ¶14. The plausibility standard does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence in support of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). While the complaint does not need detailed factual allegations, it requires more than mere conclusions or a recitation of the elements of the claim. *Hoffman v. Fraser*, 11th Dist. Geauga No. 2010-G-2975, 2011-Ohio-2200, ¶21.

{¶15} A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set of facts entitling him to recover. *Cleveland Elec. Illuminating Co. v. PUCO*, 76 Ohio St.3d 521, 524 (1996). "As long as there is a set of facts consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a

defendant's motion to dismiss." *Huffman v. Willoughby*, 11th Dist. Lake No. 2007-L-040, 2007-Ohio-7120, ¶18, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶5.

{¶16} The Supreme Court of Ohio has stated that the immunity enjoyed by a political subdivision, such as a school district, is extended, with three exceptions, to employees of political subdivisions under R.C. 2744.03(A)(6). *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶47. However, for an employee of a political subdivision, the immunity analysis differs from the analysis that applies to the subdivision itself. The Supreme Court has stated that, instead of the three-tiered analysis that applies to whether a political subdivision is immune from liability, whether an employee of a political subdivision is immune from liability is determined by R.C. 2744.03(A)(6). *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, ¶17. That section provides that an employee of a political subdivision is immune from liability, unless one of the following applies:

{¶17} (a) The employee's acts or omissions were manifestly outside of the scope of the employee's employment or official responsibilities;

{¶18} (b) *The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner*;

{¶19} (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. (Emphasis added.)

{¶20} The Mohats' complaint alleged that Horvath was acting within the course and scope of his employment at the time of his acts or omissions. Further, the complaint did not predicate Horvath's liability on any section of the Ohio Revised Code.

Thus, neither subsection (a) or (c) applies to the complaint, and, in order for Horvath to be found liable under any theory, it must be shown that his acts or omissions were committed with malicious purpose, in bad faith, or in a wanton or reckless manner. *Smith v. McCarty*, 9th Dist. Summit No. 15670, 1993 Ohio App. LEXIS 55, *4-*5 (Jan. 13, 1993); R.C. 2744.03(A)(6)(b). Since it is undisputed Horvath's acts or omissions were committed in the scope of his duties, and civil liability is not expressly imposed upon him by another section of the Revised Code, he is immune from liability for simple negligence.

{¶21} "Malice" includes a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm. *Preston v. Murty*, 32 Ohio St.3d 334, 336 (1987). "Bad faith" connotes conscious wrongdoing. *Jackson v. McDonald*, 144 Ohio App.3d 301, 309 (5th Dist.2001). "Wanton" misconduct is the failure to exercise any care whatsoever. *Hawkins v. Ivy*, 50 Ohio St.2d 114, 117-118 (1977). "Recklessness" is a perverse disregard of a known risk where the actor is conscious that his conduct will probably result in injury. *O'Toole, supra*, at ¶73-74.

{¶22} Distilled to their essence, these mental states "'impl[y] a willful and intentional design to do injury without just cause * * * or *a failure to exercise any care when the probability of harm is great, and that probability of harm is known to the actor * * *.*'" (Emphasis added.) *Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶28, quoting *McCarty, supra*, at *5. Whether an actor's conduct was committed with malice, in bad faith, or was wanton or reckless are generally jury questions. *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 (1994).

{¶23} Horvath asserts three arguments under his sole assignment of error. First, he argues he is immune from liability with respect to the Mohats' claim for ordinary negligence in Count I of the complaint. However, as part of their claim for negligence in Count I, the Mohats additionally alleged that Horvath was grossly negligent. Horvath argues that this allegation does not save this claim because, he contends, a claim for gross negligence does not require a showing of malice, bad faith, or wanton or reckless conduct. However, to the contrary, Ohio Appellate Districts have held that "gross negligence is evidenced by *willful and wanton* conduct." (Emphasis added.) *Harsh v. Lorain Cty. Speedway, Inc.*, 111 Ohio App.3d 113, 118 (8th Dist.1996); *accord Steward v. Columbus*, 10th Dist. Franklin No. 97APG 12-1567, 1998 Ohio App. LEXIS 4185, *14 (Sep. 10, 1998). Further, the Third District in *Tellez v. Bank One, N.A.*, 3d Dist. Allen No. 1-92-63, 1993 Ohio App. LEXIS 250, defined gross negligence as "[t]he intentional failure to perform a manifest duty *in reckless disregard* of the consequences as affecting the life or property of another." (Emphasis added.) *Id.* at *10, quoting Black's Law Dictionary (6 Ed.1990) 1033. Thus, gross negligence is defined in terms of wanton or reckless conduct.

{¶24} Further, the complaint also alleged that Horvath's actions were malicious, in bad faith, and were wanton and reckless.

{¶25} This court in *Piispanen, supra*, found a similar claim to be sufficient to avoid a motion to dismiss. In that case, the plaintiff-student, T.P., was assaulted by another student on school property. T.P. and his parents filed a complaint against the school's principal, alleging she was negligent in failing to provide a safe environment. The principal filed a motion to dismiss, arguing she was entitled to immunity. The trial

8

court denied the principal's motion. The principal appealed. This court affirmed, noting that the count in the complaint alleging negligence against the principal also alleged willful and wanton misconduct, which led to T.P.'s injuries. *Id.* at ¶29.

**{¶26}** Further, in *Shively v. Green Local School Dist. Bd. of Educ.*, 2013 U.S. Dist. Lexis 37581 (N.D. Ohio Feb. 28, 2012), a case involving the bullying of a student in a public school, the student and her father filed an action asserting one count of negligence/gross negligence and a separate count for malice, bad faith, wanton, and reckless conduct against various employees of the school. The district court found that the plaintiffs' allegations were sufficient to avoid dismissal at the pleading stage. *Id.* at *29-*30.

**{¶27}** Here, because the Mohats also alleged that Horvath was grossly negligent, they impliedly alleged that his conduct was wanton or reckless. *Harsh, supra; Tellez, supra.* In addition, the instant complaint alleged that Horvath's actions constituted malicious purpose, bad faith, and wanton and reckless conduct. Thus, contrary to Horvath's argument, the Mohats' claim in Count I was not based solely on ordinary negligence.

**{¶28}** Second, Horvath argues that Count II of the complaint does not properly assert a separate claim. In Count II, the Mohats incorporated their negligence/gross negligence claim in Count I and also alleged that Horvath acted with malice, in bad faith, and that his conduct was wanton and reckless "*in violation of [R.C.] 2744.03(A)(6).*" (Emphasis added.) Horvath argues this statute does not impose liability for its violation, but, rather, provides an exception to immunity if the defendant's acts or omissions were committed with one of the listed mental states. Thus, he argues it was incorrect for the

9

Mohats to allege he acted with the listed mental states "in violation" of the statute. However, this terminology was mere surplusage. By incorporating Count I into Count II and alleging that Horvath acted with malice, in bad faith, and was wanton and reckless, the Mohats alleged a separate claim, namely, that Horvath was negligent/grossly negligent with the heightened culpability provided by the listed mental states. This is no different from the routine practice in a negligence-personal injury case to also include a count for recklessness or in an assault case to also include a count for acting with malice.

{¶29} Third, Horvath argues that the Mohats failed to allege any facts demonstrating that he acted with malice or in bad faith, or that his conduct was wanton or reckless. This court has held that a plaintiff is not required to affirmatively demonstrate an exception to immunity at the pleading stage because that would require the plaintiff to overcome a motion for summary judgment in his complaint. *Howard, supra*. Instead, a plaintiff is only required to allege a set of facts, which, if proven, would plausibly allow him to recover. *Id*.

{¶30} Before addressing the sufficiency of the allegations in the Mohats' complaint, we note that in *Piispanen, supra,* this court considered the sufficiency of the factual allegations in a case involving an assault on a student by another student in a public school. There, the plaintiff-student, T.P., had committed an act of vandalism, which resulted in another student assaulting him. Based on the principal's failure to notify T.P.'s parents of the assault after the fact and the principal's failure to seek medical attention for T.P., he and his parents alleged the principal negligently failed to aid or protect him. This court held the plaintiffs pled sufficient facts to avoid a motion to

10

dismiss, although there was no allegation that T.P. had been the victim of any prior assaults on school property or that the principal was aware of any prior attacks or threats against him.

{¶31} Further, in *Shively, supra*, the student-plaintiff and her father alleged in their complaint that the defendants, who were employees of the school district, failed to stop the constant bullying to which the student was subjected over a period of time. They alleged the defendants' inaction resulted in emotional and physical injury, and eventually caused her to withdraw from the school. The district court found that the plaintiffs' allegations were sufficient to avoid dismissal and that the defendants' immunity defense was more properly raised on summary judgment or in a jury trial. *Id.*

{¶32} Here, the Mohats alleged that Horvath was E.M.'s teacher and that E.M. was in Horvath's class when E.M. was subjected to repeated verbal and physical bullying and harassment by other students. The complaint alleged that Horvath knew E.M. was the victim of constant bullying because much of it took place in Horvath's classroom during class and also because E.M. complained to him about it. The complaint also alleged that Horvath did nothing to stop the bullying over a period of time. He never intervened and never notified school officials about the bullying.

{¶33} In light of the facts provided in the Mohats' complaint regarding Horvath's prior knowledge of the ongoing bullying to which E.M. was subjected and Horvath's failure to do anything to stop it or to help E.M. over a period of time, the allegations in the instant complaint are even more detailed than those which this court found to be sufficient to avoid a motion to dismiss in *Piispanen*.

11

{¶34} Based on our review of the complaint, with the exception of the claim for simple negligence, the Mohats provided sufficient factual allegations, which, accepted as true, state a claim for relief that is plausible on its face. Since we are bound to accept all factual allegations in the complaint as true, it does not appear beyond doubt that the Mohats can prove no set of facts entitling them to recover. We thus hold the trial court did not err in denying Horvath's motion to dismiss.

{¶35} For the reasons stated in the opinion of this court, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.