[Cite as *Briggs v. Link*, 2022-Ohio-4249.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

MARY BRIGGS,

      Plaintiff-Appellant,

      - vs -

JAMES E. LINK, et al.,

      Defendants-Appellees.

**CASE NO. 2022-G-0004**

Civil Appeal from the
Chardon Municipal Court

Trial Court No. 2021 CVH 00286

**O P I N I O N**

Decided: November 28, 2022
Judgment: Affirmed in part, reversed in part, and remanded

*Mary Briggs,* pro se, 8318 Music Street, Chagrin Falls, OH 44022 (Plaintiff-Appellant).

*Jeffrey F. Slavin,* 26727 Fairmount Boulevard, Beachwood, OH 44122 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Mary Briggs, pro se, appeals the January 11, 2022 judgment of the Chardon Municipal Court granting the motion to dismiss for failure to state a claim upon which relief can be granted filed by appellees, James E. Link ("Jim"), Joseph Michael Link ("Joe") and Jennifer M. Link ("Jenny"), and denying Ms. Briggs' motion for partial default judgment against appellees, Joe and Jenny. For the reasons set forth herein, the judgment is affirmed in part, reversed in part, and remanded for further proceedings.

{¶2} In March 2021, Ms. Briggs filed a complaint against all three appellees. In the original complaint, she alleges the following facts: in March 2017, Ms. Briggs needed

housing and learned that her acquaintance, Jim, was looking for a roommate. They agreed that she would move in, and no rent would be owed. Upon moving in, she began to do housework and made some household repairs. She would often invite Jim's son, Joe, and his then-girlfriend, Jenny, over to the house.

{¶3} Ms. Briggs had been aware that Jim had been under psychiatric care for over a decade. She asserted that in April 2019, Jim had a "major mental health breakdown." Jim's ability to care for himself diminished, and she began driving him to appointments and to work. At some point, Jim signed a release of medical information allowing his health information to be shared with Ms. Briggs.

{¶4} Ms. Briggs alleges that beginning in October or November 2019, Jim started lying to her and telling others lies about her. Ms. Briggs also alleged that Jim's mental health began to deteriorate, and he became aggressive and demeaning toward her. At one point in late March 2019 Jim screamed at her and demanded she move out. Shortly thereafter, Jenny told Ms. Briggs she had 24 hours to get her belongings and move out or she would call the police. Ms. Briggs went for a long walk and when she returned, she discovered Jim had destroyed some of her possessions and thrown others away. Nevertheless, she continued to stay in the home. She alleged that Jim continued to destroy her property and she became fearful.

{¶5} Eventually, Ms. Briggs left a message with his psychiatric nurse about his worsening behavior. In mid-May 2020, Jenny came to the house angry about Ms. Briggs' call to Jim's nurse and handed her a written three-day notice to vacate. She did not move out at this time. Jenny called 911 in early June 2020 and made, by Ms. Briggs' account,

2

a false police report. The fact section of her original complaint concludes with "to be amended."

{¶6} Ms. Briggs' original complaint alleged two counts. The first, Breach of Safety and Peace and Contract, alleged: (1) that Jenny and Jim's attempts at eviction were illegal as they were acts of retaliation for, inter alia, calling Jim's nurse, (2) that Jenny gave Jim legal advice despite not being an attorney, and (3) that they put her health in jeopardy by not wearing masks around her. Her second count, Slander, alleged that Jenny made untrue statements about her in the police report that caused her harm, and that Jim has made "multiple false statements" about her to others causing her harm and ridicule. Ms. Briggs' original complaint requested judgment in the amount of $15,000.00, a public apology, court costs, interest, and attorney fees.

{¶7} A month later, Ms. Briggs filed an amended complaint, adding, inter alia, that as to count one, Jim disconnected the cable from the TV, hid the TV remotes, threw out or ate her food, turned off wi-fi to prevent her from communicating with the outside world, that she became afraid to leave the house for fear of him destroying her property, and prevented her from having anyone over, including a tow truck for her car, and called the police on her when she did. As to count two, Ms. Briggs alleged that Jim "contracted with" Joe and other to make false statements, including that she had been "racially aggressive" toward an African American tow-truck driver. She also alleged that Jim called the police on her, falsely accused her of causing "trouble" with his cell phone, falsely told some people that it was her fault that his home phone did not work and told others that she had picked his locks. Finally, without explaining the context, she alleged that Jim made false statements about her while under oath. In addition to the relief she requested

3

in her original complaint, her amended complaint also asked that the appellees correct false statements they made to others.

{¶8} Jim filed an answer to both the original and amended complaint; Joe and Jenny filed an answer only to the amended complaint. Ms. Briggs filed a motion for default judgment against Jenny and Joe based on their failure to answer the original complaint. The defendants filed a motion to dismiss. Ms. Briggs then filed a motion for leave to amend the complaint a second time. The court granted the defendants' motion to dismiss, overruled Ms. Briggs' objections, and denied Ms. Briggs' motion for default judgment as moot. The court did not expressly rule on the motion for leave to amend.

{¶9} Ms. Briggs appeals pro se. Contrary to the Rules of Appellate Procedure and the local rules of this court, she does not cite to specific portions of the record, only directing us to review the entire docket, and does not set forth clear statements of her assigned errors, either in the table of contents or the body of her brief. App.R. 16(A) and Loc.R. 16(C)(1) and (4). "[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *R.G. Slocum Plumbing v. Wilson*, 11th Dist. Ashtabula No. 2002-A-0091, 2003-Ohio-1394, ¶12. Nevertheless, in the interest of justice, we will review her appeal.

{¶10} Under a heading entitled First Assignment of Error, Ms. Briggs argues the lower court erred in dismissing her case before ruling on her motion for leave to amend her complaint, which she filed after her motion for partial default judgment. She asserts that had leave to amend been granted, she "may very well been able" to correct any errors in her complaint. In support, she cites only Civ.R. 15.

4

**{¶11}** Ms. Briggs first filed her complaint on March 29, 2021. She filed her amended complaint April 29, 2021. On December 22, 2021, she filed the motion for leave to file an amended complaint. During this eight-month period, the defendants filed answers to her complaints, requested interrogatories, and filed a motion to dismiss; additionally, Ms. Briggs filed her motion a month after she filed a motion for partial default judgment. The trial court did not expressly rule on Ms. Briggs' motion for leave to amend her complaint. However, "[o]rdinarily, any pending motions the trial court does not expressly rule on when it renders final judgment are deemed implicitly overruled." *Savage v. Cody-Ziegler, Inc.*, 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶25. Moreover, as discussed below, we find the trial court did not err in not allowing her to amend her complaint a second time before dismissing her case.

**{¶12}** "Civ.R. 15 governs a motion for leave to amend the pleadings, and we review the trial court's decision for an abuse of discretion." *Kent State Univ. v. Bradley Univ.*, 11th Dist. Portage No. 2017-P-0056, 2019-Ohio-2088, ¶109. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004).

**{¶13}** Civ.R. 15 allows a party to amend its pleading once within 28 days after serving it. Civ.R. 15(A). If a party wishes to amend their pleading after that time or more than once, they may only do so with the other parties' written consent or the court's leave. *Id.* "The court shall freely give leave when justice so requires." *Id.* "Although Civ.R. 15(A) allows for 'liberal amendment,' such motions are properly denied 'if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party.'" *Shamrock v. Cobra*

5

*Resources, LLC*, 11th Dist. Trumbull Nos. 2020-T-0075 and 2020-T-0076, 2022-Ohio-1998, ¶51, quoting *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999). Additionally, "[a] motion for leave to amend may be denied when the proposed amendment would be futile." *State ex rel. McDougald v. Greene*, 160 Ohio St.3d 82, 2020-Ohio-2782, ¶14, citing *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶2 (motion for leave to amend a complaint denied when a proposed amendment would not cure the defects that prevented the original complaint from stating a claim for relief).

{¶14} While the trial court did not expressly rule on Ms. Briggs' motion for leave to amend, we find grounds for overruling her motion did exist. Ms. Briggs' motion for leave to amend did not include a proposed second amended complaint. Her reasons for requesting leave to amend were twofold: first, to combine her original and amended complaints; second, to bolster her argument with additional examples of appellees' behavior to further address the issues she already raised. As to the first, it appears from the record that the parties and court were treating her amended complaint as if it incorporated her original complaint. Second, additional, similar examples of the defendants' behavior would be inconsequential. Thus, we cannot agree that the trial court erred in failing to grant her motion for leave to amend her complaint a second time. Nevertheless, as discussed below, we find the trial court erred in granting the dismissal of Ms. Briggs' complaint as it related to Jim Link.

{¶15} An appellate court reviews a lower court's order granting a Civ.R. 12(B)(6) motion to dismiss under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶5. "'Dismissal of a complaint for failure to state a claim

6

upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the nonmoving] party's favor, it appears beyond doubt that [the nonmoving] party can prove no set of facts warranting relief.'" *State ex rel. Malloy v. Girard,* 11th Dist. Trumbull No. 2006-T-0019, 2007-Ohio-338, ¶9, quoting *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998). "'Accepting all factual allegations as true, a complaint should not be dismissed unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set of facts warranting recovery.'" *Jirousek v. Sladek*, 11th Dist. Geauga No. 2020-G-0246, 2020-Ohio-5382, ¶7, quoting *Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶11. Accordingly, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143 (1991).

{¶16} Furthermore, according to Civ.R. 8(A), "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A); *Jochum v. State ex rel. Mentor*, 11th Dist. Lake No. 2020-L-032, 2020-Ohio-4191, ¶32. "'When ruling on a motion to dismiss, "a plaintiff is not required to prove his or her case at the pleading stage."'" *Ragazzo v. Willowick*, 11th Dist. Lake No. 2017-L-061, 2017-Ohio-9337, ¶33, quoting *Mohat v. Horvath*, 11th Dist. Lake No. 2013-L-009, 2013-Ohio-4290, ¶14, quoting *York, supra,* at 144-145. "'Rather, a plaintiff is only required to allege a set of facts, which, if proven, would plausibly allow for recovery.'" *Ragazzo, supra,* quoting *Mohat, supra*, citing *Howard v. Girard*, 11th Dist. Trumbull No. 2010-T-0096, 2011-Ohio-2331, ¶14. "The plausibility standard does not

7

Case No. 2022-G-0004

impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence in support of a claim." (Internal citations omitted.) *Ragazzo, supra,* quoting *Mohat, supra.*

{¶17} In her complaint, Ms. Briggs alleged that Jim told others false statement about her including, for example, allegations that Ms. Briggs picked his locks, threatened him, was "racially aggressive" toward an African American person, made a false police report regarding her involvement in the problems with his phones, and lied about her while under oath. Additionally, Ms. Briggs alleged that Jim had destroyed her property while she was out of the house. Some of these statements, taken as true, could plausibly constitute claims of defamation or tortious destruction of property, respectively. Because Ms. Briggs pleaded sufficient facts to put Jim on notice of the claims against him, the trial court erred in dismissing her action against Jim Link.

{¶18} Her first assigned error has some merit.

{¶19} Under her Second Assignment of Error section, Ms. Briggs states that the lower court erred in dismissing her case after not ruling on her motion for partial default judgment "in a timely manner." In support, she cites only Civ.R. 55.

{¶20} Ms. Briggs filed her motion for partial default judgment on September 17, 2021. Defendants, Joe and Jenny, filed a brief in opposition on September 22, 2021. Ms. Briggs filed an answer to the defendants' brief in opposition on October 2, 2021. The court ruled on the motion for partial default judgment on January 11, 2022. Initially, we note that the civil rules do not provide a time by which a trial court must rule on a motion for default judgment. Moreover, we do not find that, under the circumstances of this case, the trial court's ruling on the motion within three months of the filing of the parties'

8

responses to the motion was not unreasonably lengthy. This is especially true in this case, because Ms. Brigg's motion for partial default judgment was without merit as all of the defendants had filed answers to her complaint at the time she filed her motion for partial default judgment. Finally, even if the court had taken an unreasonable time to rule on her motion, the matter would be moot as the court at the time of this appeal has ruled on the motion and dismissed her case for failure to state a claim upon which relief can be granted.

{¶21} Her second assigned error is without merit.

{¶22} Under her Third assignment of Error heading, she states only that the lower court erred in dismissing her case because it "took misleading information from the defendant's attorney." She does not elaborate on her argument, state what misleading information the trial court relied on, or cite any rule or law.

{¶23} "An appellant 'bears the burden of affirmatively demonstrating error on appeal.'" *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22, quoting *S. Russell v. Upchurch*, 11th Dist. Geauga Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, ¶10 and App.R. 16(A)(7). "'It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. *See Kremer v. Cox*, [114 Ohio App.3d 41, 60 (9th Dist.1996)] * * *. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out.' *Harris v. Nome*, 9th Dist. [Summit] No. 21071, 2002-Ohio-6994."'" *Tally, supra*. Accordingly, we may disregard an assignment of error that fails to comply with App.R. 16(A)(7).

{¶24} Ms. Briggs' third assigned error is without merit.

9

{¶25} In light of the foregoing, the judgment of the Chardon Municipal Court is affirmed as to Joe and Jenny Link, reversed as to Jim Link, and remanded for further proceedings.


THOMAS R. WRIGHT, P.J.,

FREDERICK D. NELSON, J., Ret., Tenth Appellate District, sitting by assignment,

concur.

Case No. 2022-G-0004