[Cite as *State v. McCurdy*, 2013-Ohio-5710.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                   :            No. 13AP-321
                                              (C.P.C. No. 10CR-3477)

v.                                                     :

                                              **(REGULAR CALENDAR)**

Charlene A. McCurdy,                                   :

      Defendant-Appellant.                  :

---

### D E C I S I O N

### Rendered on December 24, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

*Todd W. Barstow & Associates* and *Todd W. Barstow,* for appellant.

---

### APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Charlene A. McCurdy ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas convicting her of felonious assault, a second-degree felony, and sentencing her to three years of community control. We affirm.

## I. Case History

{¶ 2} Appellant was indicted and charged with a violation of R.C. 2903.11, the felonious assault statute. The indictment accused appellant of knowingly causing serious physical harm to L.L. by means of a deadly weapon or dangerous ordnance, i.e., a knife and/or cutting instrument. Appellant entered a not guilty plea.

{¶ 3} The case was tried to a jury. At the conclusion of the state's case, appellant moved for dismissal of the charge pursuant to Crim.R. 29, contending that the state had

not produced sufficient evidence to support a finding of guilt.  The trial court granted the motion in part, finding that the state had produced insufficient evidence that appellant had used a knife or other cutting instrument, or any other deadly weapon or dangerous ordnance, to wound L.L.  However, it instructed the jury that it could find appellant guilty of felonious assault if it found that she had knowingly caused serious physical harm to L.L.  The jury returned a guilty verdict. The court sentenced appellant to three years of community control.

{¶ 4}   This case is now before this court pursuant to our grant of a motion for leave to file a delayed appeal.

## II.  Assignments of Error

{¶ 5}   Appellant timely appealed from her conviction, raising a two-pronged assignment of error.  The assignment of error raises issues of the sufficiency of the evidence and the manifest weight of the evidence, as follows:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HER GUILTY OF FELONIOUS ASSAULT AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. Analysis

### A. *Sufficiency of the Evidence*

{¶ 6}   Appellant first argues that her conviction of felonious assault was not supported by sufficient evidence.

> Sufficiency of the evidence is a legal standard that tests whether the evidence is legally adequate to support a verdict. * * * Whether the evidence is legally sufficient to support a verdict is a question of law, not fact. * * * In determining whether the evidence is legally sufficient to support a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." * * * A verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the

> prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact.

(Citations omitted.)  *State v. Ingram*, 10th Dist. No. 11AP-1124, 2012-Ohio-4075, ¶ 18-19.

{¶ 7}  In reviewing the sufficiency of the evidence, a court must not evaluate the credibility of witnesses but, rather, must assume that the state's witnesses testified truthfully and determine if that testimony satisfies each element of the crime. *Id.*, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80, and *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4.

{¶ 8}  We turn to examination of the testimony offered by the state's witnesses to determine whether the state produced sufficient evidence to support a jury's finding of the existence of the elements of felonious assault. Those elements, as relevant to appellant's conviction, are stated in  R.C.2903.11(A)(1):

> No person shall knowingly * * *
>
> (1) Cause serious physical harm to another or to another's unborn[.]

{¶ 9}  The state was therefore required to introduce evidence that appellant caused serious physical harm to the victim and did so knowingly.

{¶ 10} The state called as its first witness the victim, L.L.  L.L. testified that, on May 15, 2010, she was living in a home on South Oakley Avenue in Columbus with her boyfriend and son.  She stated that, on that afternoon, appellant had made repeated telephone calls to her for approximately one hour before repeatedly driving by the house and blowing the horn and cursing. After exchanging words, L.L. eventually approached appellant, and the two women began fighting. L.L. testified that, when she approached appellant, appellant grabbed her by the neck and they began to tussle and fight. The women eventually ended up in the middle of the street near appellant's car.  During the fight, appellant was slammed against her car and to the ground.  The fight ended when L.L.'s boyfriend broke it up.  Appellant then drove off.

{¶ 11} After the fight, L.L. became aware that she was bleeding.  She went to the hospital and called the police. At the hospital, she received multiple stitches which closed cuts on her cheek and on her upper chest near her neck.  The state introduced photos

showing the wounds sutured by approximately six stitches on L.L.'s left lower cheek and eleven stitches on her chest. L.L. testified that she had permanent scars on both her chest and cheek and showed those scars to the jury.

{¶ 12} The state also called a Columbus police officer, Nicholas Sears, as a witness. On the day of the incident, Officer Sears interviewed appellant at a local hospital. Appellant had been transported to the hospital by Columbus Fire Department medics, and hospital staff called the police. Appellant told Officer Sears that she had been driving on Oakley Street and honking because she intended to pick up someone, but she denied knowing L.L. After speaking with appellant, Officer Sears also spoke with L.L., who played a voicemail for him and observed her cuts. After also speaking to a witness who lived across the street from L.L., Officer Sears placed appellant in custody and arrested her for telephone harassment. He referred the incident to the police department's assault squad.

{¶ 13} The state's final witness was a neighbor, who testified that he had observed the two women fighting on May 15. He testified that appellant had told the second woman involved in the fight to come out of her house, which she did, and the fight then started.

{¶ 14} The defense did not call any witnesses.

{¶ 15} We first consider whether the evidence was sufficient to support a finding that appellant possessed the requisite mental state required for conviction of felonious assault. That is, we must determine whether appellant knowingly caused serious physical harm to L.L.

{¶ 16} We determine that sufficient evidence was produced to support the jury's finding that appellant acted knowingly. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "[F]elonious assault under R.C. 2903.11, combined with the definition of "knowingly" found in R.C. 2901.22(B), does not require that a defendant *intended* to cause 'serious physical harm,' but rather, that the defendant acted with an awareness that the conduct probably would

cause such harm." (Emphasis added.) *State v. Smith,* 10th Dist. No. 04Ap-726, 2005-Ohio-1765, ¶ 28, citing *State v. Lee*, 10th Dist. No. 97APA12-1629 (Sept. 3, 1998).

{¶ 17} In a case similar to that now before us, this court observed over 20 years ago that a defendant who knowingly participated in a fight and struck repeated blows to the face of another acted with knowledge that serious physical harm was a likely result. *State v. Edwards*, 83 Ohio App.3d 357 (10th Dist.1992). In this case, the jury saw photographs of L.L.'s cheek, a part of her face which had sustained a cut that required suturing. They also saw a photograph of a significantly longer cut on the victim's chest. The jury heard evidence that appellant had been engaged in a physical fight with L.L. over a period of time before the fight was broken up. Construing the evidence, as we must, in a light most favorable to the prosecution, the jury could rationally reach the conclusion that appellant acted with an awareness that her conduct probably would cause serious harm to L.L. and, therefore, acted knowingly.

{¶ 18} Similarly, the evidence was sufficient to support the second element of felonious assault at issue in this case, i.e., that L.L. suffered serious physical harm. We note that "serious physical harm" is defined to include "any physical harm which involves some permanent disfigurement." R.C. 2901.01(A)(5)(d). As in *Edwards*, the victim in this case suffered cuts in the fight, which required multiple stitches and left a scar or scars. As in *Edwards*, "a jury could reasonably find [the victim] sustained some permanent disfigurement constituting 'serious physical harm.' " *Edwards* at 360.

{¶ 19} This court has more recently overruled a sufficiency-of-the-evidence argument where an assault victim testified that she sustained a laceration on her forehead and scalp during a fight and had been treated at the hospital. We cited with approval an Eighth District Court of Appeals decision holding that "where injuries are serious enough to cause a victim to seek medical treatment, a jury may reasonably infer that the force used by a defendant caused serious physical harm." *State v. Johns*, 10th Dist. No. 11AP-203, 2011-Ohio-6823, ¶ 15, citing *State v. Walker*, 8th Dist. No. 52391 (June 18, 1987). The jury could reasonably infer that those injuries were caused by appellant's actions during the fight. Accord *State v. Dunham*, 118 Ohio App.3d 724, 729-30 (1st Dist.1997) ("The photographs of [the victim's] appearance immediately after the brawl, introduced

as evidence in the trial, demonstrate conclusively the severity and the probable permanent effects of the trauma inflicted upon him.").

{¶ 20} Appellant argues that the evidence was insufficient because the state did not produce specific evidence as to how L.L. sustained lacerations, noting that no witness saw appellant holding or using a knife or other cutting instrument. The jury, however, was entitled to draw reasonable inferences from the evidence. The state's witnesses testified that L.L. was cut and bleeding immediately after the fight, requiring medical treatment. Moreover, Officer Sears testified that appellant also had blood all over her after the fight. It was reasonable for the jury to infer that L.L.'s injuries were caused by appellant's conduct during the fight, regardless of the precise way in which the injuries were caused. L.L. specifically testified that she did not cut herself.

{¶ 21} Appellant further argues that L.L. acknowledged that she willingly engaged in mutual combat with appellant. But where two persons agree to fight each other in a non-competitive boxing situation, each may be held guilty of assault and guilty of felonious assault in violation of R.C. 2903.11(A)(1) where the harm visited upon one of the fighters constitutes serious physical harm. *Id.* "The fact that street fighters agree to engage in a public brawl to settle old or current differences cannot and does not negate the penal consequences." *Id.* at 729.

{¶ 22} We therefore overrule appellant's contention in her assignment of error that her conviction should be reversed because it is not supported by sufficient evidence.

## B. *Manifest Weight of the Evidence*

{¶ 23} Appellant further argues that her conviction was against the manifest weight of the evidence. We begin by considering the governing legal standards for a manifest-weight challenge:

> "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." * * * "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." * * * " 'The court, reviewing the entire record, weighs the evidence

and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " * * * This discretionary authority " 'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " * * *

(Citations omitted.) *State v. McClendon*, 10th Dist. No. 11AP-354, 2011-Ohio-6235, ¶ 7.

{¶ 24} In light of the evidence discussed above, including the photographs of L.L.'s injuries, and her testimony concerning her encounter with appellant on May 15, 2010, and applying the standard stated above, we do not find that the jury clearly lost its way in resolving conflicts and assessing the credibility of witnesses.  The jury did not create a manifest miscarriage of justice, nor did it lose its way, in finding appellant guilty of felonious assault.

{¶ 25} We therefore overrule appellant's contention in her assignment of error that her conviction should be reversed as being against the manifest weight of the evidence.

## IV. Conclusion

{¶ 26} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____