[Cite as *In re E.A.*, 2016-Ohio-7281.]

STATE OF OHIO )   IN THE COURT OF APPEALS
)ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: E.A.

C.A. No.    28106

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DL 15-04-0593

DECISION AND JOURNAL ENTRY

Dated: October 12, 2016

WHITMORE, Judge.

{¶1}   Appellant E.A. appeals a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her delinquent for theft.  This Court affirms.

I.

{¶2}   According to Venicia Sales, she was managing an accessory store at Chapel Hill Mall on March 4, 2015, when E.A. and another girl entered the store.  As E.A. browsed the merchandise, Ms. Sales saw E.A. put a phone case and a pair of clip-on earrings in her pocket. After E.A. exited the store, Ms. Sales stopped her in the mall and asked her to return to the store. When they got back to the store, Ms. Sales saw E.A. take the phone case out of a pocket and put it on a display case.  E.A. also handed Ms. Sales the pair of earrings.

{¶3}   A police officer subsequently filed a complaint against E.A., alleging that she appeared to be a delinquent child for committing acts that were sufficient to establish the elements of theft under R.C. 2913.02.  Following an adjudicatory hearing, a magistrate found

that, although E.A. had taken the items from the store, the State failed to present any evidence that it was without consent. The State objected to the magistrate's decision, arguing that Ms. Sales's actions in retrieving the items established that E.A. had taken them without consent. The juvenile court sustained the objection, and adjudicated E.A. delinquent. E.A. has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

E.A.'S ADJUDICATION / CONVICTION FOR THEFT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND MUST BE REVERSED.

{¶4} In her first assignment of error, E.A. has argued that her adjudication of delinquency is not supported by sufficient evidence. "[T]his Court applies the same sufficiency * * * standard[ ] of review in a juvenile delinquency case that it applies in an adult criminal appeal due to the inherently criminal aspects of delinquency proceedings * * *." (Internal quotations and citations omitted.) *In re V.H.*, 9th Dist. Summit No. 26894, 2013–Ohio–5408, ¶ 9.

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The test for sufficiency requires a determination of whether the State has met its burden of production at trial." *State v. Edwards*, 9th Dist. Summit No. 25679, 2012–Ohio–901, ¶ 7. "Circumstantial and direct evidence are of equal evidentiary value." *State v. Zaffino*, 9th Dist. Summit No. 21514, 2003-Ohio-7202, ¶ 25.

**{¶5}** R.C. 2913.02(A)(1), which prohibits theft, provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." According to E.A., there is no evidence that she exerted control over the cell phone case and earrings because she never left the accessory store. Ms. Sales testified, however, that E.A. left the store with the items in her pocket and walked toward a jewelry store, which is where she stopped E.A. and her friend. A mall security officer also testified that she saw Ms. Sales stop the girls about 20 to 25 feet from the accessory store.

**{¶6}** E.A. has also argued that the evidence regarding control is insufficient because the security officer heard Ms. Sales tell E.A. and her friend after she stopped them in the mall that she "thought" they had either misplaced the phone case or taken it. Just because the statement Ms. Sales made to E.A. as she tried to persuade her to return to the accessory store contained ambiguity, however, does not negate the circumstantial evidence that E.A. knowingly obtained or exerted control over the phone case and earrings with purpose to deprive the store of them.

**{¶7}** E.A. has also argued that there is insufficient evidence to support her adjudication because she had no use for the items that she took from the accessory store. E.A. testified that she does not own a phone that would fit in the case she allegedly took and that her ears are pierced, meaning she did not need clip-on earrings. A person does not have to be able to utilize an item, however, in order to intend to deprive the owner of it.

**{¶8}** E.A. has further argued that there is no evidence that she took the items without consent, pointing to the magistrate's decision. According to E.A., because Ms. Sales saw her put the items in her pocket and did not stop her right then, it demonstrates that her actions were not

"[w]ithout * * * consent" under R.C. 2913.02(A)(1). Ms. Sales testified, however, that the company policy of the accessory store is not to stop shoplifters within the store because they are "not technically a shoplifter until after they have crossed the lease line[.]" She, therefore, did not stop E.A. until E.A. left the store, which signaled that E.A. intended to deprive the store of the items.

{¶9} Finally, E.A. has argued that the security officer was unable to verify whether E.A. took any items from the store, testifying that she only "believed" that she saw E.A. produce an item from her pocket. E.A., however, has misstated the security officer's testimony. The security officer testified unequivocally that she saw E.A. remove something from her pocket after returning to the store with Ms. Sales. The only uncertainty in her testimony was about the identity of the item. The security officer "believe[d]" the item was a pair of clip-on earrings.

{¶10} Upon review of the record, we conclude that, viewing the evidence in a light most favorable to the State, there was sufficient evidence to support E.A.'s adjudication of delinquency. E.A.'s first assignment of error is overruled.

ASSIGNMENT OF ERROR II

E.A.'S CONVICTION FOR THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND SHOULD BE REVERSED.

{¶11} In her second assignment of error, E.A. has argued that her adjudication of delinquency is against the manifest weight of the evidence. "[T]his Court applies the same * * * manifest weight standard [ ] of review in a juvenile delinquency case that it applies in an adult criminal appeal due to the inherently criminal aspects of delinquency proceedings * * *." (Internal quotations and citations omitted.) *In re V.H.*, 2013–Ohio–5408, at ¶ 9. When considering whether an adjudication of delinquency is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the adjudication. *See id.*

**{¶12}** E.A. has argued that she is not delinquent of theft because she did not leave the store with items in her pocket, there was no testimony from the police officers who were allegedly present, she had no reason to steal a phone case that did not fit her phone or earrings that would not replace the ones she had lost, and the security officer who testified had no direct knowledge of the alleged theft and contradicted Ms. Sales's testimony. E.A. has noted that she testified that she never left the store with any items and that the police officers stopped her inside the accessory store and searched her person. According to E.A., if the police officers had testified, it would have resolved the discrepancies between Ms. Sales's testimony and her own.

**{¶13}** After hearing the conflicting testimony, the magistrate chose to believe Ms. Sales's testimony regarding whether E.A. left the store with the items. "Credibility determinations are primarily within the province of the trier of fact." *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 42. The magistrate was "in the best position to evaluate the credibility of witnesses, and this Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge simply because the trial court chose to believe certain witnesses' testimony over the testimony of others." *State v. Campanalie*, 9th Dist. Summit No. 26383, 2013-Ohio-3509, ¶ 21, quoting *State v. Ross*, 9th Dist. Wayne No. 12CA0007, 2013-Ohio-522, ¶ 16. Upon review of the record, we cannot conclude that the juvenile court clearly lost its way when it accepted the magistrate's finding that E.A. left the store with the items over

E.A.'s version of the events. Accordingly, we conclude that E.A.'s adjudication of delinquency is not against the manifest weight of the evidence. Her second assignment of error is overruled.

III.

{¶14} E.A.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

CARA K. FORD, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.