[Cite as *In re T.S.*, 2022-Ohio-975.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

T.S.

JUDGES:
Hon. Earle E. Wise, Jr., P. J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 21 CAF 08 0039

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20-10-119-DL |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 24, 2022 |

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
PROSECUTING ATTORNEY
MEGAN A. HAMMOND
ASSISTANT PROSECUTOR
145 North Union Street
3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

BRADLEY P. KOFFEL
KOFFEL BRININGER NESBITT
1801 Watermark Drive, Suite 350
Columbus, Ohio 43215

PAUL GIORGIANNI
GIORGIANNI LAW LLC
1538 Arlington Avenue
Columbus, Ohio 43212

*Wise, John, J.*

{¶1}  Defendant-Appellant T.S. appeals the judgment entered by the Delaware County Court of Common Pleas, Juvenile Division, on July 2, 2021. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2}  On October 21, 2020, a complaint was filed in the Court of Common Pleas of Delaware County, Juvenile Division, charging Appellant with one count of delinquency based upon felonious assault.

{¶3}  On March 15, 2021, the magistrate held an adjudicatory hearing. At the hearing, Appellee submitted video surveillance of the incident in question.

{¶4}  On July 31, 2020, Appellant and the victim were playing basketball at an open gym supervised by Andy Gast and Josh Gast. The video showed Appellant, after making a basket, taking the basketball, searching for the victim and throwing the ball to him in a taunting manner. Testimony showed Appellant said, "and one bitch" to the victim. The victim, while standing several feet away from Appellant, threw the ball hard at Appellant's head.

{¶5}  Appellant then aggressively charged the victim in a manner to strike him. The victim, apparently in an effort to defend himself from the charging Appellant, jabbed at Appellant's face. Appellant then landed several punches on the victim, including one to the victim's face which broke his jaw. The victim's medical records and photos of his injuries were submitted into evidence.

{¶6}  Appellant was not injured in the incident.

**{¶7}** On March 31, 2021, the magistrate filed its decision regarding the disposition.

**{¶8}** On April 2, 2021, Appellant filed an objection to the Magistrate's Decision regarding adjudication.

**{¶9}** On May 17, 2021, Appellant filed another objection to the Magistrate's Decision.

**{¶10}** On July 2, 2021, the juvenile court judge filed an entry adopting the March 18th Magistrate's Decision regarding adjudication.

**{¶11}** On August, 11, 2021, the juvenile court judge filed an entry regarding disposition.

## ASSIGNMENTS OF ERROR

**{¶12}** On August 23, 2021, Appellant filed a notice of appeal raising the following eight Assignments of Error:

**{¶13}** "I. THE JUDGE ERRED IN FINDING THAT APPELLANT "WAITED FOR THE BALL TO FALL THROUGH THE NET.

**{¶14}** "II. THE COURT ERRED IN FINDING THAT APPELLANT THREW THE BALL AT J.

**{¶15}** "III. THE COURT ERRED IN FINDING THAT APPELLANT "'SHOVED' THE BALL INTO [J.'S] CHEST.' "

**{¶16}** "IV. THE COURT ERRED IN FINDING THAT J. DID "THE SAME THING" WITH THE BALL THAT APPELLANT DID TO HIM.

**{¶17}** "V. THE COURT ERRED IN FINDING THAT J. RAISED HIS ARMS ONLY AFTER BEING HIT AND ONLY FOR THE PURPOSE OF DEFENSE.

{¶18} "VI. THE COURT'S FINDING THAT APPELLANT DID NOT ACT IN SELF DEFENSE IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶19} "VII. THE COURT ERRED IN FAILING TO ACKNOWLEDGE THE DEFENSE OF MUTUAL COMBAT.

{¶20} "VIII. ADJUDICATING APPELLANT DELINQUENT FOR FELONIOUS ASSAULT WITHOUT ADJUDICATING J. DELINQUENT FOR FELONIOUS ASSAULT VIOLATES APPELLANT'S FEDERAL AND OHIO CONSTITUTIONAL GUARANTEES OF DUE PROCESS AND EQUAL PROTECTION."

## I., II., III., IV., V.

{¶21} In Appellant's First, Second, Third, Fourth, and Fifth Assignments of Error, Appellant argues his conviction is against the manifest weight of the evidence. We disagree.

{¶22} In his first five assignments of error, Appellant fails to cite any statute, case law, rules of evidence, or learned treatise from this or any jurisdiction to support his argument. Accordingly, Appellant's brief does not comply with App.R.16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶23}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 4th Gallia No. 07CA4, 2008-Ohio-2194, ¶12. *See, also,* App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright*, 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, ¶16; *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶21-22; *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, ¶23; *State v. Paulsen*, 4th Hocking Nos. 09CA15, 2010-Ohio-806, ¶6; *State v. Norman*, 5th Guernsey No. 2010-CA-22, 2011-Ohio-596, ¶29; *State v. Untied*, 5th Dist. Muskingum No. CT2006005, 2007-Ohio-1804, ¶141.

**{¶24}** An appellate court may rely on App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd. v. Transcontinental Ins. Co.*, 5th Dist. Richland No. 2004-CA-0029, 2005-Ohio-3052, ¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave

them birth." *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356, 188 N.E. 553, 555 (1933).

**{¶25}** In the interest of justice, we will proceed to consider this assignment of error.

**{¶26}** An appellate court applies the same manifest weight standard of review in a juvenile delinquency case that it applies in an adult criminal appeal. *See In re E.A.*, 9th Dist. Summit No. 28106, 2016-Ohio-7281, ¶11. When reviewing a weight of the evidence argument, the appellate court reviews the entire record weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶27}** Appellant argues the magistrate and judge clearly lost their way in finding Appellant delinquent because the evidence does not show that Appellant waited for the ball to drop through the net, that Appellant threw the ball at the victim, that Appellant shoved the ball into victim's chest, that victim did the same thing with the ball that Appellant did, and that the victim raised his arms only after being hit.

**{¶28}** Appellant was judged delinquent for violating R.C. 2903.11(A), Felonious Assault.

**{¶29}** R.C. 2903.11(A), in pertinent part, states:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn[.]

{¶30}  In the case *sub judice*, testimony and the surveillance video show Appellant taking the ball from the basket, transferring it in an aggressive and taunting manner toward the victim, charging the victim, striking the victim in the face, and braking the victim's jaw.

{¶31}  Even if, assuming *arguendo*, Appellant's argument has merit, that the listed facts were not supported by evidence, the record otherwise demonstrates the existence of substantial, probative evidence in the surveillance video to support the magistrate's decision and trial court's adjudication.

{¶32}  Appellant's First, Second, Third, Fourth, and Fifth Assignments of Error are overruled.

**VI.**

{¶33}  In Appellant's Sixth Assignment of Error, Appellant alleges the trial court's finding that Appellant did not act in self-defense is against the manifest weight of the evidence. We disagree.

{¶34}  Again, an appellate court applies the same manifest weight standard of review in a juvenile delinquency case that it applies in an adult criminal appeal. *See In re E.A.*, 9th Dist. Summit No. 28106, 2016-Ohio-7281, ¶11. When reviewing a weight of the evidence argument, the appellate court reviews the entire record weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily

against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶35}** Under former R.C. 2901.05(A) the defendant had the burden of proving self-defense by a preponderance of the evidence. Effective March 28, 2019, Ohio's self-defense law was changed to require the prosecution to establish the defendant did not act in self-defense where the defense could reasonably be found to apply. R.C. 2901.05(A), as amended states, in relevant part:

> Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense other than self-defense * * * as described in (B)(1) of this section, is upon the accused.

**{¶36}** R.C. 2901.05(B)(1) further states:

> A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

**{¶37}** Since evidence was presented at trial in support that Appellant used non-deadly force in self-defense, the State must now prove beyond a reasonable doubt that the defendant did not use that force in self-defense. *State v. Jacinto*, 8th Dist. No. 108944,

2020-Ohio-3722, 155 N.E.3d 1056, ¶46; *State v. Staats*, 5th Dist. Stark No. 2019CA00181, 2021-Ohio-1325, ¶28. Therefore, the State must disprove at least one of the elements of the use of non-deadly force in self-defense beyond a reasonable doubt: either (1) the defendant was at fault in creating the situation giving rise to the affray in which the force was used, (2) the defendant did not have reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm, or (3) the defendant used more force than was reasonably necessary to defend against the imminent danger of bodily harm. *Jacinto* at ¶46, citing *State v. Carney*, 10th Dist. Franklin No. 19AP-402, 2020-Ohio-2691, ¶31; *State v. Nestigen*, 5th Dist. Richland No. 2019 CA 110, 2020-Ohio-2965, ¶17.

**{¶38}** Appellant alleges that the trial court's finding that Appellant was at fault for creating the situation giving rise to the affray, that Appellant did not have reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm, and that Appellant used more force than was reasonably necessary to defend against the imminent danger of bodily harm was against the manifest weight of the evidenc.

**{¶39}** "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶15. The trier of facts is "free to believe all, part, or none of the testimony of each witness." *Id*. "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness testimony over the testimony of others." *State v. Pittman*, 9th Dist. Summit No.

29705, 2021-Ohio-1051, ¶16 citing *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶15. This includes instances when the trier of facts rejects defendant's self-serving testimony that he or she acted in self-defense. *See State v. Johnson*, 9th Dist. Lorain No. 13CA010496, 2015-Ohio-1689, ¶15; *State v. Miller*, 3rd Dist. Marion No. 9-18-02, 2018-Ohio-3433, ¶41.

**{¶40}** In the case *sub judice*, Appellee entered into evidence a surveillance video showing Appellant taunting the victim and throwing the ball at him. Then, the victim throws the ball back at Appellant aggressively from several feet away. The victim makes no further move toward Appellant. The Appellant then charges the victim attacking him. The victim jabbed his hand out in an effort to stop the charging Appellant. Appellant then struck the victim several times, breaking the victim's jaw.

**{¶41}** Upon review of the entire record, weighing the evidence and all reasonable inferences as a thirteenth juror, including considering the credibility of witnesses, we cannot reach the conclusion that the trier of facts lost its way and created a manifest miscarriage of justice. Although Appellee only had to prove beyond a reasonable doubt one of the following, we do not find the trial court erred when it found Appellant was at fault for creating the situation giving rise to the affray, that Appellant did not have a reasonable belief he was in imminent danger of bodily harm, and that Appellant used more force than was reasonably necessary to defend against imminent danger of bodily harm against the manifest weight of the evidence.

**{¶42}** Appellant's Sixth Assignment of Error is overruled.

**VII.**

**{¶43}** In Appellant's Seventh Assignment of Error, Appellant argues the trial court erred in applying the defense of mutual combat. We disagree.

**{¶44}** In putting forth his argument, Appellant cites *Champer v. State*, 14 Ohio St. 437 (1863). In its entirety, the Supreme Court of Ohio's *per curiam* opinion states:

> Held, an indictment against A. for assault and battery upon B., is not
>
> sustained by evidence that A. assaulted and beat B. in a fight at fisticuffs,
>
> by agreement between them.
>
> An assault and battery and an affray are distinct offenses under the
>
> statute, punishable by different penalties.

**{¶45}** Appellant contends this holding establishes mutual combat as a defense to assault and battery. It does not. The Supreme Court merely makes a finding that in *Champer*, the State indicted A. under the wrong statute. *Id*. Since 1863, the State of Ohio has codified the criminal code into statute. Appellant failed to cite to any current statute in the State of Ohio listing "affray" as a crime. In *Davis v. State*, 32 Ohio St. 24, 28, The Supreme Court of Ohio held that the elements necessary to constitute a crime must be wholly included in the statute. Again, the crime of Felonious Assault is detailed in R.C. 2903.11. In pertinent part, it states:

> (A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn[.]

**{¶46}** In the case *sub judice*, the State provided testimony and a surveillance video showing Appellant taking the ball from the basket, transferring it in an aggressive

and taunting manner toward the victim, charging the victim, striking the victim in the face, and breaking the victim's jaw, meeting the elements of Felonious Assault.

**{¶47}** Moreover, this Court is unable to locate any evidence that mutual combat as a defense exists in the State of Ohio. The Eighth District Court of Appeals also has not recognized mutual combat as a defense in the State of Ohio. *State v. Lynch*, 8th Dist. Cuyahoga No. 95770, 2011-Ohio-3062, ¶16; *State v. Jacinto*, 8th Dist. No. 108944, 2020-Ohio-3722, 155 N.E.3d 1056.

**{¶48}** Appellant cites a series of cases where the defense of mutual combat was never successfully established, only that defendants have tried and failed to argue it in the past. *State v. Garner*, 5th Dist. Stark No. 96CA0027, 1996 WL 488809 (the defendant was convicted of assault and the attorney failed to succeed on a claim of mutual combat); *State v. Wilson*, 5th Dist. Delaware No. 2006CA100082, 2007-Ohio-4564 (the defendant raised an ineffective assistance of counsel claim when the attorney tried and failed a mutual combat strategy in defense to assault); *City of Newark v. Bendick*, 5th Dist. Licking No. 93 CA 117, 1994 WL 202298 (counsel for defendant tried and failed to establish a defense of mutual combat as a defense to assault).

**{¶49}** To the contrary of Appellant's argument that such a defense exists, both the First District Court of Appeals and the Tenth District Court of Appeals recognize that "where two persons agree to fight each other in a non-competitive boxing situation, each may be held guilty of * * * felonious assault * * * where the harm visited upon one of the fighters constitutes serious physical harm." *State v. McCurdy*, 10th Dist. Franklin No. 13AP-321, 2013-Ohio-5710, ¶21; *State v. Dunham*, 118 Ohio App.3d 724, 730, 693 N.E.2d 1175, 1179 (1st Dist.1997).

**{¶50}** Therefore, Appellant's Seventh Assignment of Error is overruled.

**VIII.**

**{¶51}** In Appellant's Eighth Assignment of Error, Appellant argues adjudicating Appellant delinquent for felonious assault without adjudicating the victim delinquent as well violates Appellant's federal and Ohio constitutional guarantees of due process and equal protection. We disagree.

**{¶52}** In support, Appellant cites *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528. In *In re D.B.*, minor D.B. was charged with statutory rape arising from sexual conduct occurring between D.B. and M.G., another minor. *Id.* On appeal, the Supreme Court of Ohio found "the prosecutor's choice to charge D.B. but not M.G. is the very definition of discriminatory enforcement * * * D.B. and M.G. engaged in sexual conduct with each other, yet only D.B. was charged." *Id.*

**{¶53}** However, this case does not support Appellant's position. *In re D.B.*, D.B. was charged with R.C. 2907.02(A)(1)(b). In pertinent part, it states, "[n]o person shall engage in sexual conduct with another * * * when the other person is less than thirteen years of age." R.C. 2907.02(A)(1)(b). This is a strict liability standard, where, as in the case of D.B. and M.G., it is impossible to discern which is the offender and which is the victim. The felonious assault statute, R.C. 2903.11(A)(1), requires a knowing standard which differentiates between victim and offender.

**{¶54}** In addition, a plain reading of the statute allows Appellant to be charged, but not victim. R.C. 2903.11(A)(1) provides that an offender is guilty of felonious assault if he or she knowingly causes serious physical harm, or attempts to knowingly cause serious physical harm with a deadly weapon. As applied Appellant committed felonious

assault by knowingly causing serious bodily harm to the victim by breaking the victim's jaw with a punch. The victim did not knowingly cause serious bodily harm to Appellant, nor did he attempt to with a deadly weapon. Therefore, the victim did not commit felonious assault.

**{¶55}** Therefore, the trial court did not err in adjudicating Appellant delinquent for Felonious Assault without also adjudicating the victim delinquent as well.

**{¶56}** Appellant's Eighth Assignment of Error is overruled.

**{¶57}** For the foregoing reasons, the judgment of the Juvenile Division of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.

JWW/br 0322