OPINION *Page 2 
{¶ 1} Plaintiff Jason Maynard appeals a judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, which modified his child support obligation and awarded him the federal dependent tax exemption for her. Appellant assigns two errors to the trial court:
 {¶ 2} "I. INCONSISTENT COMMENCEMENT DATES FOR THE CHILD SUPPORT INCREASE AND THE CORRESPONDING ALLOCATION OF THE TAX DEPENDENCY EXEMPTION TO THE OBLIGOR, COMBINED WITH AN INSTANT ARREARAGE FROM THE MODIFICATION ORDER, HAVE CREATED A RESULT THAT IS UNREASONABLE AND ARBITRARY THEREBY CONSTITUTING AN ABUSE OF DISCRETION.
 {¶ 3} "II. THE CHILD SUPPORT MODIFICATION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The record indicates appellant is the natural father of a daughter born June 7, 1997 to defendant-appellee Paula Landon. It appears from the record appellee has always been the residential parent. Appellant filed a motion to modify their parental rights and responsibilities on August 2, 2001. For various reasons the matter remained pending, and on April 9, 2002, appellee filed a motion to modify child support. On April 22, 2002, a magistrate conducted an evidentiary hearing.
 {¶ 5} On October 4, 2004, the magistrate issued a decision overruling appellant's motion to modify the parental rights and responsibilities and increasing appellant's child support obligation. The magistrate made the increase in the child *Page 3 
support obligation effective April 1, 2002, and awarded appellant the tax dependency exemption for the child beginning in 2004.
 {¶ 6} Appellant filed objections to the magistrate's decision, but did not provide the court with a transcript of the hearing. On July 20, 2005, the court dismissed appellant's objections, and on September 12, 2006, the court confirmed the magistrate's decision.
 I {¶ 7} In his first assignment of error, appellant argues the court abused its discretion and created an unreasonable and arbitrary result when it ordered the increased child support to begin in 2002 but gave appellant the tax dependency exemption only beginning in 2004.
 {¶ 8} Appellant also argues the court abused its discretion in making the modified support payments effective beginning in 2002, because the court did not adopt the magistrate's decision until 2005, thus creating a large arrearage. Appellant concedes R.C. 3119.84 permits the court to modify support payments back to the date all parties receive notice of the petition to modify. Appellant does not argue appellee failed to give him notice she sought an increase in the child-support obligation.
 {¶ 9} In Wayco v. Wayco (March 8, 1999), Stark App. No. 1998-CA-00279, this court cited Booth v. Booth (1989), 44 Ohio St. 3d 142,541 N.E. 2d 1028, as authority for the proposition an appellate court applies the abuse of discretion standard in reviewing matters concerning child support. Wayco at 3. Abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable, Id., citing Blakemore v.Blakemore (1983), 5 Ohio St. 3d 17, 450 N.E. 2d 1140. *Page 4 
 {¶ 10} In Wayco, this court found absent special circumstances, a trial court should make the modified child support retroactive to the date the parties received notice of the request for modification, because this makes decisions regarding the effective date of child support modification consistent, predictable, and fair, Id.
 {¶ 11} We have reviewed the record, and it appears the magistrate made the child support modification effective April 1, although appellee did not file her motion until April 9. On remand the trial court should determine the date appellant received notice of appellee's motion to modify the child support obligation, and may use this date as the earliest possible date for the increase in the child support.
 {¶ 12} Regarding the tax exemption, R.C.3119.84 states in pertinent part:
 {¶ 13} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986,"100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the *Page 5 
children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.* * *"
 {¶ 14} In Singer v. Dickinson (1992), 63 Ohio St. 3d 408,588 N.E. 2d 806, the Ohio Supreme Court reviewed a trial court's allocation of federal tax dependency exemptions. The court held:
 {¶ 15} "2. The allocation of the dependency exemption provided by Section 152(e), Title 26, U.S. Code may be awarded to the non-custodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child.
 {¶ 16} "3. In determining whether taxes would be saved by allocating the federal tax dependency exemption to the non-custodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates. "Syllabus by the court, paragraphs 2 and 3.
 {¶ 17} Neither the magistrate nor the trial court made a finding regarding whether awarding the tax dependency exemption to appellant furthered the best interest of the child, and we find this portion of the judgment must be remanded. On remand, the trial court should review the pertinent factors as they apply to the year 2002 and later, and make a finding as to the best interest of the child. We agree with appellant given the unusual length of time between the motion and the trial court's final order, the *Page 6 
arrearages created by the modification of the support order should not count in determining whether appellant was substantially current in his support payments.
 {¶ 18} The first assignment of error is sustained as to the date of the child support increase, and premature regarding the tax dependency exemption.
 II. {¶ 19} In his second assignment of error, appellant argues the child support modification was contrary to the manifest weight of the evidence.
 {¶ 20} Civ. R. 53 (D)(3)(b)(iii) provides a party must support objections to a fact finding with a transcript of all the evidence submitted to the magistrate relevant to finding. Subsection (iv) provides except for plain error, a party may not assign as error on appeal the court's adoption of any fact finding or legal conclusion unless the party has objected to the finding as required by the Rule. Appellant did not provide the trial court with a transcript of the April 22, 2002 hearing. Appellant has provided this court with the transcript, but we find it is not properly before us.
 {¶ 21} The record contains a child support worksheet the magistrate prepared, factoring in financial information for both parties.
 {¶ 22} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm, Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. The failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence, Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7,615 N.E.2d 617. *Page 7 
 {¶ 23} The second assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the trial court.
 Gwin, P.J., Farmer, J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Morrow County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties. *Page 1