OPINION
{¶ 1} Defendant-appellant, Lory Patrick, appeals the Judgment Entry of the Niles Municipal Court, in which the trial court awarded plaintiff-appellee, Maynard Tally, $500 plus interest and costs. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In March of 2008, Tally and his wife, Christine, entered into a contract with Patrick to purchase real estate located in Niles, Ohio. Pursuant to the agreement, Tally placed $500 in escrow as earnest money. *Page 2 
 {¶ 3} Tally subsequently went to First Choice Community Credit Union, Inc. for financing for the transaction. Ultimately, Tally's application for a mortgage loan was rejected and Tally sought a return of the earnest money.
 {¶ 4} Tally filed a claim in the municipal court seeking a return of the earnest money. Patrick counterclaimed for incidental damages she claimed she had incurred in reliance and anticipation of the sale. She asserted that the Tallys were to pursue a "conventional loan," which she interpreted to mean a ten or twenty percent down payment by the buyer and a mortgage for the balance. The Judge found that the agreement "contained a puzzling reference to a down payment `upon acceptance' but stated no figure or percentage for an actual down payment." Further, he held that the "perplexing term provides no guidance as to what was intended by the parties, but the court can only conclude that no real agreement was ever reached on [the issue of a down payment]."
 {¶ 5} The court found that a "conventional mortgage" is "one in which a lender concludes that they can be protected and profit in their investment by lending to a borrower who is able to repay their indebtedness." Moreover, "the lender was unwilling to accept the responsibly for a loan at ninety-eight percent of the home's value."
 {¶ 6} The court also held that the agreement explicitly called for the return of earnest money if the financing sought was rejected by one lending institution; which happened in this case.
 {¶ 7} As for Patrick's counterclaim, the court found that her actions "taken in reliance of this sale were taken prematurely and rashly[;] * * * [Patrick] should not have undertaken these activities on the assumption that this was `a done deal' as she testified." *Page 3 
 {¶ 8} Tally was awarded judgment for $500.
 {¶ 9} Patrick, proceeding pro se, timely appeals and raises the following assignments of error, which she denominates as "issues presented":
 {¶ 10} "[1.] Judge relied on things not testified to or admitted into evidence.
 {¶ 11} "[2.] Judge is supposed to keep records of the courts hearing and if it is up to the people the people have to be notified.
 {¶ 12} "[3.] Judge assumed facts not in testimony.
 {¶ 13} "[4.] Judge doesn't understand specific terms used in real estate even with expert testimony.
 {¶ 14} "[5.] Defendant [was] denied Due Process Rights."
 {¶ 15} While we note that Patrick is proceeding pro se, "pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." R.G. SlocumPlumbing v. Wilson, 11th Dist. No 2002-A-0091, 2003-Ohio-1394, at ¶ 12 (citation omitted).
 {¶ 16} There has been no transcript or narrative statement filed with this court. Since the first four assignments of error pertain to testimony and the record, we will discuss them collectively.
 {¶ 17} Ohio's Rules of Appellate Procedure provide as follows: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App. R. 9(B). This Rule has been construed by this court, as by virtually every other Ohio appellate court, to mean that the failure to file a transcript "precludes appellant from contesting the lower *Page 4 
court's findings or conclusions as being unsupported by the evidence or contrary to the weight of the evidence." Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 34; Maynard v.Landon, 5th Dist. No. 2006-CA-0015, 2007-Ohio-2813, at ¶ 22 citingHartt v. Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177 ("[t]he failure to file a complete transcript or its equivalent is generally fatal to an appeal based on the manifest weight of the evidence").
 {¶ 18} Patrick alleges that the "Judge is supposed to keep records of the court hearing and if it is up to the people[,] the people have to be notified." However, the duty to provide a transcript for appellate review falls upon the appellant. Wilson, 2003-Ohio-1394, at ¶ 11, citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. "This is necessarily so `because an appellant bears the burden of showing error by reference to matters in the record.'" Id. (citation omitted).
 {¶ 19} Due to the absence of the transcript from the hearing as required by App. R. 9, this court is unable to review Patrick's arguments relating to the evidence presented at the hearing. Consequently, "without a transcript of the hearing or some other acceptable alternative as set forth in App. R. 9, this court must presume the regularity of the trial court's proceedings in this case, as well as the validity of its judgment." Id. at ¶ 11 (citations omitted).
 {¶ 20} Patrick's first, second, third and fourth assignments of error are without merit.
 {¶ 21} In her assignments of error/issues presented, Patrick alleges that her due process rights were violated; however, she has failed to assert any authority or formulate an unambiguous and comprehensible argument as to why her due process rights were violated. *Page 5 
 {¶ 22} An appellant "bears the burden of affirmatively demonstrating error on appeal." S. Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 10 (citation omitted); see App. R. 16(A)(7). "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. SeeKremer v. Cox (1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, `it is not this court's duty to root it out.' Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994." Id. Accordingly, we may disregard an assignment of error that fails to comply with App. R. 16(A)(7).
 {¶ 23} Patrick's fifth assignment of error is without merit.
 {¶ 24} For the foregoing reasons, the Judgment Entry of the Niles Municipal Court, awarding Tally $500, is affirmed. Costs to be taxed against appellant.
MARY JANE TRAPP, P.J., TIMOTHY P. CANNON, J., concur. *Page 1