[Cite as *Guardianship & Protective Servs., Inc. v. Mann*, 2016-Ohio-6991.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GUARDIANSHIP AND PROTECTIVE SERVICES, INC., GUARDIAN OF THE ESTATE OF RAYMOND THOMAS MANN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | **CASE NO. 2015-T-0107** |
| - vs - | : | |
| RAYMOND THOMAS MANN, et al., | : | |
| Defendants, | : | |
| JAMES JOSEPH MANN, et al., | | |
| Defendant-Appellant. | | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division.
Case No. 15 CVA 0002.

Judgment: Affirmed.

*Joshua M. Garris*, 1371 Church Street, Mineral Ridge, OH 44440 (For Plaintiff-Appellee).

*James Joseph Mann*, pro se, 1146 Hazelwood Avenue, S.E., Warren, OH 44484 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, James Joseph Mann (aka James Joseph Mann, Sr., aka James J. Mann, Sr.), appeals the judgment of the Trumbull County Court of Common Pleas, Probate Division, which issued an order authorizing the guardian of the estate of the

ward, Raymond Thomas Mann, to sell the ward's real property at private sale. Appellant is the ward's son and was named a defendant in the proceeding. Appellee is Guardianship and Protective Services, Inc., the guardian of the ward. Appellee did not file a brief on appeal.

{¶2} On January 5, 2015, appellee filed a complaint to sell the ward's real property, alleging that a sale was necessary in order to avoid waste. On January 14, 2015, a guardian ad litem was appointed on the court's own motion, finding it was in the best interest of the ward to do so.

{¶3} The guardian ad litem submitted a report on May 15, 2015, recommending that the court grant the guardian's request to sell the ward's real property. The report included information gathered as a result of her investigation, including that the real property did not appear to be in good repair and that the "Auditor's website indicates that there is approximately ***$2,347.19." It appears this is the amount owed in unpaid property taxes, as referenced in an exhibit provided by appellant.

{¶4} A hearing on the land sale was held on May 15, 2015, and the magistrate's report was filed on June 18, 2015. Pursuant to R.C. 2127.05, the magistrate found it was not necessary to sell the ward's property in order to pay the debts of the ward. The magistrate found that appellant objected to the sale on the basis that the sale was not necessary to avoid waste because appellant was willing to pay the back taxes, keep them current, insure the property, and maintain the property. On that basis, the magistrate found it was not in the best interest of the ward to approve the sale; however, the matter was held pending appellant's filing of proof of insurance and

2

payment of taxes in full within thirty days. The trial court adopted this recommendation of the magistrate on the same date, June 18, 2015.

{¶5} Another hearing was held on August 25, 2015. The magistrate found, and appellant essentially admitted, that appellant failed to provide proof that he paid the real estate taxes, insured the home, and maintained the property, as he represented to the court at the hearing on May 15, 2015. Therefore, the magistrate determined that it was in the best interest of the ward to sell the real property.

{¶6} On August 31, 2015, the magistrate issued a report and recommendation that the request of the guardian for authority to sell the real estate be granted. On the same date, the court entered judgment adopting the magistrate's recommendation.

{¶7} On September 28, 2015, appellant filed in the trial court a motion for injunction pending appeal, which was granted by the trial court on October 6, 2015.

{¶8} Appellant filed a pro se Notice of Appeal from the August 31, 2015 judgment entry and raises two assignments of error:

> [1.] The trial court committed prejudicial error in granting the Plaintiff-Appellee's motion to sell the real estate.
>
> [2.] The trial court committed prejudicial error by ruling in favor of Plaintiff-Appellee to sell the real estate in the absence of the required written consent.

{¶9} For the following reasons, this court concludes that appellant's assignments of error are not well taken.

{¶10} Appellant has the duty to provide a transcript for appellate review because appellant bears the burden of showing error by reference to the trial record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 163 (1978). "When portions of the transcript necessary for resolution of

assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* at 199. Pursuant to App.R. 9(B)(4), if no recording of the proceedings was made, or if one was made but is no longer available for transcription, App.R. 9(C) may be utilized. *See also id.* at 199-200.

**{¶11}** Appellant failed to provide this court with a transcript of the proceedings or with an appropriate alternative. Pursuant to App.R. 9(C), appellant attempted to submit a narrative transcript of the proceedings in lieu of a verbatim transcript; however, appellant's narrative transcript failed to meet the requirements of App.R. 9(C). Upon review of the common pleas record, there is no indication appellant served the prepared statement in his brief on appellee to propose amendments or that he submitted it to the trial court for approval. *See* App.R. 9(C)(1). Appellant's case was initially heard in the trial court by a magistrate, and appellant's second assignment of error presents an issue of fact, but there is no evidence that appellant filed an affidavit with the trial court. *See* App.R. 9(C)(2). Without a transcript or a statement of the evidence or proceedings pursuant to App.R. 9(C) this court must presume the validity of the lower court's proceedings.

**{¶12}** In addition, appellant never filed objections to the magistrate's report and decision of August 31, 2015. Civ.R. 53(D)(3)(b)(iv), pertaining to objections to magistrate's decisions, provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b). Ohio Civ. R. 53.

4

Therefore, the failure to object to the magistrate's decision is fatal to appellant's arguments.

{¶13} Furthermore, appellant's brief does not meet the requirements of the Ohio Rules of Appellate Procedure. An appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); *see also Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶14. "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Harris*, *supra*, at ¶15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996).

{¶14} Pursuant to App.R. 12(A)(2), "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also Harris*, *supra*, at ¶15; *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22.

{¶15} In his appellate brief, appellant fails to cite to any portion of the record when he makes factual assertions. Additionally, appellant generally makes reference to Fed.R.App.P. 32.1 and R.C. 2127 in the table of contents of his brief, but he fails to make any specific reference to any authorities in support of his legal arguments. Therefore, pursuant to App.R. 12(A)(2), we are permitted to disregard appellant's assignments of error.

{¶16} Appellant's assignments of error are overruled, and the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.