[Cite as *State v. Turner*, 2021-Ohio-1921.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

JOHN L. TURNER, JR.,

        Defendant-Appellant.

CASE NO. 2020-L-088

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2014 CR 000533

# O P I N I O N

Decided: June 7, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*John L. Turner, Jr., pro se,* PID# A673-787, Pickaway Correctional Institution, 11781 State Route 762, P.O. Box 209, Orient, OH 43146 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   This matter is before us on Appellant, John L. Turner, Jr.'s, appeal from the Lake County Court of Common Pleas' July 17, 2020 denial of his motion to vacate or suspend payment or fines and/or costs and his motion to stay the imposition of restitution, fines, and/or costs.  For the reasons set forth herein, the judgment is affirmed.

{¶2}   In 2014, appellant was indicted on 13 counts of Breaking and Entering, felonies of the fifth degree, in violation of R.C. 2911.13(B); eight counts Theft, felonies of

the fifth degree, in violation of R.C. 2913.02(A)(1); and one count of Intimidation, a felony of the third degree, in violation of R.C. 2921.03. These charges arose from appellant breaking in to several parked vehicles and stealing their contents. Appellant pleaded not guilty, and the case went to trial where appellant proceeded pro se.

{¶3} At the state's request, the trial court dismissed 14 counts, leaving seven counts of Theft and one count of Intimidation. The jury found him guilty of all eight counts. Appellant filed a direct appeal; this court affirmed the conviction in *State v. Turner*, 11th Dist. Lake No. 2015-L-116, 2016-Ohio-4733 ("*Turner I*").

{¶4} Appellant has filed many subsequent motions. He now appeals the denial of his motion to vacate or suspend payment or fines and/or costs and his motion to stay the imposition of restitution, fines, and/or costs.

{¶5} Appellant assigns 14 errors for our review:

{¶6} [1.] The prosecution of Lake County violated defendant's due process of law and his equal protection of the laws, by nolle prosequi a theft charge to deprive defendant his right to confront that witness about the crime against him. See (exhibit A).

{¶7} [2.] The prosecution of Lake County violated defendant's Brady material of not turning over the 911 call from the City of Eastlake Ohio on the indictment charges, which is a witness of the crime. And the photo's of all the broken into vehicle of the night or day of the crime in the parking lot of Elpalenque restaurant, discovery violation.

{¶8} [3.] The prosecutorial misconstruction of the break and entering charges, statute R.C. 2911.13(B), to force excessive bail and fines which was cruel and unusual punishments inflicted.

{¶9} [4.] Double jeopardy, or once in jeopardy for the same offense.

{¶10} [5.] There was no international maritime valid contract. And no court has jurisdiction in admiralty jurisdiction until there is an contract that has been breach.

{¶11} [6.] A defect in the trial mechanism or framework that by deprivation of basic Constitutional protection of the right to counsel, this

2

constitutional protection Crim.R. 44(C), requires automatic reversal because [defendant] was tried unfairly and defendant['s] relief to vacate the conviction or sentence.

{¶12} [7.] Plain error; was that the trial judge did not get a written signed waiver of counsel, as the procedural rule 44(C) requires. An error that is so obvious and prejudicial that an appellate court should address it despite the defendant failure to raise a proper objection at trial. A plain error is often said to be so obvious and substantial that failure to correct it would infringe a party's due-process rights and damages the integrity of the judicial process see Fed. R. Evid. 103(d).

{¶13} (D) Plain error.

{¶14} Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

{¶15} There is NO written signed waiver of counsel, and automatic reversal is warranted pursuant to using another appeal de novo review will clearly be or show racism, based on defendant is a African American Black male citizen of the U.S.

{¶16} [8.] The trial just deprived defendant his right to confront the witness by allowing the prosecution to dismiss charges that the grand jury return a true bill for because it was not a felony charge and by doing that defendant was not able to confront the witness or all the witnesses because the prosecution knew that the truth of who's vehicle was really right behind the back door of dang this computer store, and the witness Dillion Hardy did not see defendant break into Mr. Brian J. Brusky vehicle, or any other vehicle.

{¶17} [9.] Prosecutorial misconduct arranging the City of Eastlake charges around the City of Mentor charges pursuant to the lack of the elements of the crime for the City of Mentor charges, to induce action or change the decisions of the jury because the prosecution had no elements of the crime to prove defendant did any of the crimes.

{¶18} [10.] The prosecution did not prove any elements of the City of Mentor crime to sustain a conviction.

{¶19} [11.] The trial judge refused to give defendant another lawyer, after the defendant moved the court to get another counsel for his defense. See page 70 of 101, line 13, 14, and 15 of the transcript of proceedings, February 4, 2015.

3

{¶20} [12.] The prosecution and trial judge in this case, bias or prejudice pursuant to racism of defendant is a African American man and if this failure to review this plain error on this appeal for the second time would be damaging to the integrity of the judicial process.

{¶21} [13.] The trial judge refused to modify the bond after 13, charges was dismissed do to misconstruction of the statute of breaking and entering R.C. 2911.13, on property that open to the public, only show's the bias toward an African American man. See the transcript of the docket and journal [indecipherable] of the 11th District Court of Appeals, page 7, no. 42, 11/21/14 or page 23, no. 191.

{¶22} [14.] The trial judge denied defendant request to get the transcript of the grand jury, filed 11/19/14, see the transcript of docket and journal entries No. 36, page 6, Defendant is being held illegally pursuant to the City of Mentor, Ohio charges was not proving to sustain a conviction by the prosecution, which makes the jury not impartial as the law requires that the jury is to be impartial, not impartial, a substantial error, and this sentence shall be vacated [sic throughout.]

{¶23} None of appellant's 14 assignments of error makes any argument why this court should reverse the trial court's denial of the two motions appealed. Moreover, even though the memorandum attached to his notice of appeal cites R.C. 2949.17(B), R.C. 2949.19(A), R.C. 2949.092, *Lynn v. Limbert*, 117 Ohio App.3d 236 (7th Dist.1997), and *State v. Crenshaw*, 145 Ohio App.3d 86 (8th Dist.2001), appellant makes no argument as to why these authorities are relevant to the denial of his motions. It is not this court's duty to make appellant's arguments for him. "An appellant 'bears the burden of affirmatively demonstrating error on appeal.'" *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22, citing *S. Russell v. Upchurch*, 11th Dist. Geauga Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶10 and App.R. 16(A)(7). "[I]f an argument exists that can support appellant's assignments of error, 'it is not this court's duty to root it out.' * * * Accordingly, we may disregard an assignment of error that fails to comply with App.R. 16(A)(7)." *Tally, supra,* citing *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994.

4

{¶24}   The arguments appellant does raise in these 14 assignments of error are related to his 2014 conviction and are barred by res judicata.  "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  "[A]ny issue that could have been raised on direct appeal and was not[,] is res judicata and not subject to review in subsequent proceedings."  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995).  Each of the arguments appellant now raises on appeal were or could have been raised in *Turner I*.  He is thus precluded from raising them here.

{¶25}   Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2020-L-088