[Cite as *State v. Hudson*, 2021-Ohio-2642.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

ANTHONY J. HUDSON,

        Defendant-Appellant.

CASE NO.  2020-T-0092

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2011 CR 00073

**O P I N I O N**

Decided: August 2, 2021
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Anthony J. Hudson*, pro se, PID# A661-664, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}   Anthony J. Hudson appeals from the judgment denying his "motion to vacate void judgment and sentence as it is contrary to law."  We affirm.

{¶2}   In 2014, Hudson was convicted of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree due to the weight of the mixture containing cocaine equaling or exceeding 27 grams.  Hudson directly appealed in *State v. Hudson*, 11th Dist. Trumbull No. 2014-T-0097, 2017-Ohio-615 ("*Hudson I*"), arguing in

part that the first-degree felony conviction was based on insufficient evidence because the state failed to prove the quantity of pure cocaine in his possession. Initially, we agreed and reversed and remanded for resentencing based on *State v. Gonzales*, 150 Ohio St.3d. 261, 2016-Ohio-8319, 81 N.E.3d 405, ¶ 22 ("*Gonzales I*"), wherein the Ohio Supreme Court held that "in prosecuting cocaine-possession offenses under R.C. 2925.11(C)(4)(b) through (f) involving mixed substances, the state must prove that the weight of the actual cocaine, excluding the weight of any filler materials, meets the statutory threshold." *Hudson I* at ¶ 40.

{¶3} However, the Supreme Court granted the state's application for reconsideration in *Gonzales I*, vacated its decision, and held that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 3 ("*Gonzales II*"). The state also moved this court to reconsider our decision in *Hudson I*. We granted the motion, vacated our decision, and issued a decision affirming the sentencing entry based upon the holding in *Gonzales II*. *State v. Hudson*, 2018-Ohio-133, 104 N.E.3d 25 (11th Dist.) ("*Hudson II*").

{¶4} On October 19, 2020, Hudson filed a "motion to vacate void judgment and sentence as it is contrary to law," which the trial court denied.

{¶5} In his repetitive assigned errors, Hudson maintains:

{¶6} "The trial court abused its discretion when it denied Hudson's motion to vacate void judgment and sentence as it is contrary to law."

2

{¶7}    Hudson contends that (1) the grand jury had initially returned a no bill of indictment after presentment of the case in 2007, (2) the Supreme Court of Ohio's decision in *Gonzalez II* unfairly altered the outcome of his case, (3) his constitutional rights were violated by presentment of the case to the grand jury again following the no bill and by the Supreme Court's reconsideration of *Gonzales I*,  (4) these violations rendered his conviction void, (5) he should be afforded a liberal reading and leeway in his pleadings due to his status as a pro se litigant, and (5) the trial court should have held a hearing on his motion.

{¶8}    As Hudson emphasizes, he filed his motion and appeal pro se.  We generally afford pro se litigants leeway in construing their filings.  *See State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10-11.   However, "[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."  (Citations omitted.)  *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

{¶9}    Here, the issue of whether the alleged constitutional violations would render Hudson's conviction void is determinative.  Whether "a sentencing entry is void raises a question of law that we review de novo."  *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 43, *appeal not allowed*, 160 Ohio St.3d 1495, 2020-Ohio-5634, 159 N.E.3d 274, citing *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5, and *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8 ("an appellate court's standard of review on the denial of a motion to vacate void judgment is de novo").

3

{¶10} Void judgments, unlike voidable judgments, may be reviewed at any time. (Citations omitted.) *State v. Walker*, 11th Dist. Trumbull No. 2018-T-0024, 2018-Ohio-3964, ¶ 12. After years of expanding on the void sentence doctrine, in the cases of *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248 and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Ohio Supreme Court returned to the "traditional understanding" of void judgments. Pursuant to the traditional view, "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 34, 43.

{¶11} Hudson appears to argue that the trial court lacked jurisdiction based upon the constitutional violations he alleges. However, "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Harper* at ¶ 23, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34; *Henderson* at ¶ 35. "'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.'" *Harper* at ¶ 23, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure,* Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts"). Therefore, although several cases prior to *Harper* and *Henderson* held that sentences that are contrary to law are void, that is no longer the case. *See, e.g., State v.*

4

*Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 2, *abrogated by Henderson*.

{¶12} "'[A] common pleas court has subject-matter jurisdiction over felony cases.'" *Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8, citing R.C. 2931.03. There is no question that this case involved a felony, and thus it was within the trial court's subject matter jurisdiction. Hudson raises no challenge regarding personal jurisdiction. Accordingly, Hudson's argument that his sentence is void lacks merit.

{¶13} Hudson's constitutional challenges could at most result in a voidable judgment. In certain circumstances, a voidable conviction may be challenged through R.C. 2953.21.

> Pursuant to R.C. 2953.21(A)(1)(a), a convicted defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States," may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." A motion can be construed as one for postconviction relief where it "was filed subsequent to a direct appeal, claimed a denial of a constitutional right, sought to render a judgment void, and asked for the vacation of the judgment and sentence."

*State v. Garner*, 11th Dist. Lake No. 2018-L-057, 2018-Ohio-4661, ¶ 11, quoting *State v. Perry*, 11th Dist. Trumbull No. 2016-T-0005, 2016-Ohio-7446, ¶ 16. Although Hudson specifically denies his motion was brought pursuant to R.C. 2953.21, his motion substantively falls within this statute and is subject to the statute's time requirements. *See Garner* at ¶ 10; *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.").

5

{¶14} Postconviction petitions "filed under R.C. 2953.21(A)(1) shall be filed within three hundred sixty-five days after the filing of the transcript in a direct appeal." *Garner* at ¶ 13, citing R.C. 2953.21(A)(2). If the petitioner fails to meet this deadline, he

> must show that "he was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively" and demonstrate "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

*Garner* at ¶ 13, quoting R.C. 2953.23(A)(1)(a) and (b). Hudson's motion was filed years past the filing of the transcript in his direct appeal, and his motion contains no allegations that he was unavoidably prevented from discovery of the facts on which he relies or that the United States Supreme Court recognized a new retroactive right.

{¶15} Consequently, because Hudson's conviction was not void, and his motion was untimely when construed as a petition for postconviction relief, the trial court did not err in denying his motion without a hearing. *See State v. VanPelt*, 11th Dist. Portage No. 2014-P-0058, 2015-Ohio-1070, ¶ 17 ("When dismissing a petition upon the grounds that it was untimely, the trial court is under no obligation to hold a hearing[.]" (Citations omitted.)).

{¶16} Accordingly, Hudson's assigned errors lack merit, and the judgment is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

6

Case No. 2020-T-0092