[Cite as *Duncan v. Bartone*, 2022-Ohio-755.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| ALEX DUNCAN, | **CASE NO. 2021-G-0018** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| JENNIFER R. BARTONE, et al., | |
| Defendants-Appellees. | Trial Court No. 2021 M 000245 |

## O P I N I O N

Decided: March 14, 2022
Judgment: Affirmed

*Alex Duncan,* pro se, 14916 Thompson Avenue, Middlefield, OH 44062 (Plaintiff-Appellant).

*Frank Leonetti, III,* and *Holly Marie Wilson,* Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendants-Appellees, Jennifer R. Bartone, Arthur Brite, Valarie Al Huffman, Kim Carter and NAMI (National Alliance of Mental Illness) Geauga County).

*Bradley J. Barmen* and *Theresa A. Edwards,* Lewis, Brisbois, Bisgaard & Smith, LLP, 1375 East 9th Street, Suite 2250, Cleveland, OH 44114 (For Defendants-Appellees, Terry D. Russell, NAMI Ohio and NAMI National).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Alex Duncan, appeals the August 3, 2021 judgment of the Geauga County Court of Common Pleas dismissing his complaint.  For the reasons set forth herein, the judgment is affirmed.

{¶2}   This appeal stems from a 13-count complaint filed by appellant against eight defendants associated with the National Alliance on Mental Illness ("NAMI").  Apparently,

in 2021, appellant and his parents were asked to leave the Geauga branch of NAMI. Appellant's complaint alleged various vague claims and requested relief including lifetime membership to NAMI, the salary information for NAMI employees, and $10 million.

{¶3} Defendant-appellees filed a motion to dismiss for failure to state a claim. Plaintiff-appellant opposed the motion and requested a hearing, which was denied. The court granted the motion to dismiss in a detailed judgment entry which analyzed each of appellant's claims and found that none of them stated a claim upon which relief could be granted.

{¶4} Appellant now appeals, assigning two errors for our review, which state:

{¶5} [1.] The trial court errored on its behalf by not giving Alex the full process of steps. The attorneys and I never met in "Discovery." Alex was walking on "Thin ice" and suffered the errors of the employees of the courthouse.

{¶6} [2.] Judge Paschke gave "Very little" credence on behalf of the miscues. The post office was late with "The answer" which made Alex filed a "Default Judgment." Alex still doesn't get the proper notifications of the docket. Alex has to check the docket every day to see what the status is. Alex mentioned these concerns to the Clerk of Courts. It's not an "Even playing field" at all despite when your "Pro se" and going against four attorneys. [sic throughout]

{¶7} Preliminarily we note that appellant's brief fails to comply with Loc.R. 16(C)(4); the law and argument section, which is four sentences long, fails to identify any errors in the record or further discuss his assigned errors. "We generally afford pro se litigants leeway in construing their filings." *State v. Hudson*, 11th Dist. Trumbull No. 2020-T-0092, 2021-Ohio-2642, ¶8. However, "[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." (Citations omitted.) *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 654 (10th Dist.2001).

2

"'[C]ourts should not assume the role of the advocate for the pro se litigant.'" *McGrath v. Mgt. & Training Corp.,* 11th Dist. Ashtabula No. 2001-A-0014, 2001 WL 1602740, *2 (Dec. 14, 2001), quoting *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D.Ohio 1998). (Emphasis deleted.)

{¶8}  Moreover, "[a]n appellant 'bears the burden of affirmatively demonstrating error on appeal.'" *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶22, quoting *Village of S. Russell v. Upchurch*, 11th Dist. Geauga Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶10. "'It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. *See Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." *Harris v. Nome*, 9th Dist. No. 21071, 2002-Ohio-6994.'" *Tally, supra.* "Accordingly, we may disregard an assignment of error that fails to comply with App.R. 16(A)(7)." *Tally, supra.*

{¶9}  Moreover, even construing the facts in the light most favorable to appellant, we find no grounds for reversal. The trial court's judgment analyzed each of appellant's 13 counts. It found in each case that appellant failed to allege facts stating a claim.

{¶10}  Specifically, as to appellant's first claim, "Harassment," the trial court found that Ohio does not recognize a common law tort of harassment, nor any common law or statute which prohibits threatening an individual with law enforcement, taking private information to the police, or making ridiculous accusations, and that appellant did not allege telecommunications harassment.

{¶11}  In regard to his second claim, entitled "Grievance rights," the trial court found that the Ohio Revised Code section appellant cited to did not exist. It assumed

3

appellant meant to cite to O.A.C. 5122-26-18 but noted that section applies only to certain agencies funded by certain enumerated sources and that appellant made no allegation that any defendant was funded by any of the enumerated sources.

{¶12} His third claim, entitled "Code of ethics," and his fifth claim alleging discrimination, cite the ADA, the O.A.C., and R.C 4112.012. The trial court found that appellant failed to show facts that his impairments substantially limited one or more of his major life activities; as such, he was unable to show the applicability of any of the cited laws. Further, the trial court found that appellant failed to show that any defendant constructed or altered a facility used by a public entity for public accommodation since March 15, 2012, which is the effective date relevant to the CFR sections cited by appellant. The trial court also determined that R.C. 4757.02(A)(1) was inapplicable as appellant failed to allege any facts showing any defendant is a licensed counselor, therapist, or social worker. It also found that R.C. 2921.03 was inapplicable as appellant did not show he was a public servant, party official, attorney, was involved as a witness in a civil action, or that any defendant attempted to intimidate him. Finally, the trial court found that 18 U.S.C. § 249(A)(2) was inapplicable as appellant alleged no facts showing any defendant used interstate or foreign commerce facilities or willfully bodily injured or attempted to injure appellant, as required by that section.

{¶13} Appellant's fourth claim, entitled "Trust broken," cites R.C. 1303.37 and R.C. 2137.14 which require a showing that a defendant owed appellant a fiduciary duty. The trial court found that appellant made no such showing.

{¶14} Appellant's sixth claim, "Retaliation", and seventh claim, "Interfering with Civil Rights," and cite violations of R.C. 2921.05 and R.C. 2921.45. However, the trial

4

court found that appellant did not make the required showing that he was a public servant, party official, attorney, or witness involved in any proceeding.

{¶15} Appellant's eighth claim, "Abuse," cites a section of the O.A.C. applicable to the Ohio Department of Job and Family Services ("ODJFS"), but that appellant made no allegation involving ODJFS. The trial court also found that appellant failed to allege facts necessary for a showing of intentional infliction of emotional distress or negligent infliction of emotion distress, as alleged in his eighth and thirteenth claim.

{¶16} Appellant's ninth claim, "Dereliction of Duty," cites R.C. 2921.44, applicable to public servants. The trial court found that appellant did not allege any facts showing any defendant was a public servant.

{¶17} Appellant's tenth claim, "Supplementing rules with operating manuals," cites to R.C. 4121.32, which deals with the Industrial Commission or Bureau of Workers' Compensation, but as the trial court found, appellant alleged no facts showing workers' compensation was involved with his complaint.

{¶18} Appellant's eleventh claim alleged libel and slander stemming from a comment from a defendant that "the Duncan's are 'crazy.'" The trial court found that statement to be one of opinion, not fact, and thus appellant could not make the requisite showing required to prove defamation. It also found that appellant did not show any defendant published false statement of fact.

{¶19} Finally, appellant's twelfth claim alleged "Liability." The trial court stated that liability is a legal conclusion and that he failed to allege facts stating a claim involving any liability.

5

{¶20} On appeal, appellant has not put forth any argument, law, or fact that would warrant reversal.

{¶21} In light of the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.